**En el Tribunal Supremo de Puerto Rico**

| | |
|---|---|
| APROBACION Y VIGENCIA REGLAMENTO DE METODOS ALTERNOS PARA LA RESOLUICION DE CONFLICTOS .V | 98TSPR79 |

Número del Caso: ER-98-5

Abogados Parte Demandante:

Abogados Parte Demandada:

Abogados Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 6/25/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Aprobación y Vigencia

Reglamento de Métodos Alternos

para la Solución de Conflictos


**RESOLUCION**

San Juan, Puerto Rico a 25 de junio de 1998.

La Ley Núm. 19 de 22 de septiembre de 1983, autoriza el establecimiento de programas o centros que sirvan como foros informales para la resolución de disputas y conflictos que surjan entre ciudadanos. Esta ley nos confiere autoridad para adoptar las reglas necesarias para la operación de los programas o centros que se establezcan.

El 21 de marzo de 1998, durante la Sesión Especial de este Tribunal consideramos el informe y reglamento presentado por el Comité Asesor de Medios Alternos; la discusión y las recomendaciones surgidas durante la Conferencia Judicial del 17 de octubre de 1997. En el ejercicio de nuestro poder de reglamentación general, bajo la citada Ley Núm. 19 y luego de nuestra posterior deliberación, se aprueba el Reglamento de Métodos Alternos para la Solución de Conflictos, el cual se une a esta Resolución. Este reglamento entrará en vigor el 1 de enero de 1999.

Se le encomienda al Comité Asesor de Medios Alternos de Resolución de Disputas que, con el apoyo del Secretariado de la Conferencia Judicial, asista al Tribunal Supremo en el desarrollo del contenido de un programa de orientación sobre métodos alternos, dirigido a la Judicatura y a la ciudadanía en general.

Se ordena la publicación de la presente resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno

Secretaria del Tribunal Supremo

## CAPÍTULO 1. Disposiciones Generales

### Regla 1.01. Declaración de Política Pública

El Tribunal Supremo de Puerto Rico declara que es política pública de la Rama Judicial fomentar la utilización de mecanismos complementarios al sistema adjudicativo tradicional con el fin de impartir justicia en una forma más eficiente, rápida y económica.

### Regla 1.02. Alcance, propósitos e interpretación

### de estas Reglas

(a) El propósito de este reglamento es alentar el desarrollo y uso de los métodos alternos para la solución de conflictos como complemento del sistema judicial.

(b) Estas reglas aplicarán a todos los casos civiles o criminales que se refieran a los centros adscritos al Negociado de Métodos Alternos para la Solución de Conflictos. Los centros podrán utilizar las disposiciones de este reglamento, en cuanto sean aplicables, para la tramitación de aquellos casos en que las partes en conflicto soliciten directamente sus servicios.

(c) Estas reglas se interpretarán de modo que garanticen la solución justa y expedita de las controversias.

### Regla 1.03. Definiciones

(a) **Métodos alternos para la solución de conflictos.** Incluye todo tipo de método,

práctica y técnica, formal e informal --que no sea la adjudicación judicial tradicional-- utilizados dentro y fuera del sistema judicial y encaminadas a resolver las controversias de los ciudadanos.

(b) **Interventor(a) neutral**. Persona imparcial que interviene en el proceso alterno para la solución de conflictos con el fin de orientar y ayudar a que las partes resuelvan sus controversias. Sus funciones varían dependiendo del método alterno en el cual intervenga.

(c) **Mediación**. Proceso de intervención, no adjudicativo, en el cual un interventor o una interventora neutral (mediador o mediadora)ayuda a las personas en conflicto a lograr un acuerdo que les resulte mutuamente aceptable. En la mediación, las partes tienen la potestad de decidir si se someten o no al proceso.

(d) **Arbitraje**. Proceso adjudicativo informal en el que un interventor o una interventora neutral (árbitro o arbitra) recibe la prueba de las partes en conflicto y, a base de la prueba presentada, emite una decisión o laudo. En el arbitraje, las partes tienen la potestad de decidir si se someten o no al procedimiento. El laudo que se emita puede ser de dos (2) tipos:

(1) vinculante, en el cual el laudo, por acuerdo de las partes, se convierte en obligatorio para éstas, y

(2) no vinculante, en el cual cualquier parte que esté inconforme con el laudo podrá solicitar la celebración de un juicio ordinario.

(e) **Evaluación neutral del caso**. Proceso en el cual cada parte presenta ante el interventor o la interventora neutral (evaluador(a)) un resumen de sus teorías legales y de la evidencia a base del cual se pondera la validez legal de la posición de cada parte y se expone dicho análisis a los litigantes.

**CAPÍTULO 2. DEL NEGOCIADO DE MÉTODOS ALTERNOS**

**PARA LA SOLUCIÓN DE CONFLICTOS**

**Regla 2.01. Creación del Negociado de Métodos Alternos para la Solución de Conflictos**

Por la presente se crea el Negociado de Métodos Alternos para la Solución de Conflictos, el cual estará adscrito a la Oficina del Juez Presidente o de la Jueza Presidenta Tribunal Supremo de Puerto Rico.

El Negociado estará administrado por un(a) Director(a), quien será nombrado por el Juez Presidente o la Jueza Presidenta. El puesto de Director(a) del Negociado estará incluido en el Servicio Central.

**Regla 2.02. Funciones del Negociado de Métodos Alternos**

**para
la
Soluc
ión
de
Confl
ictos**

El Negociado de Métodos Alternos para la Solución de Conflictos tendrá, entre otras, las funciones y responsabilidades siguientes:

(a) Implantar la política pública de la Rama Judicial expuesta en la Regla 1 de este reglamento.

(b) Servir como recurso para la educación e investigación sobre los métodos alternos para la solución de conflictos.

(c) Proveer asistencia técnica a los programas alternos adscritos a la Rama Judicial.

(d) Proveer adiestramiento a los interventores y las interventoras neutrales adscritos a la Rama Judicial.

(e) Certificar a los interventores y las interventoras neutrales privados(as) que interesen prestar servicios ocasionales a la Rama Judicial y a aquéllos o aquellas adscritos(as) a ésta.

(f) Determinar los requisitos de educación continua para los interventores y las interventoras neutrales en sus respectivas áreas.

(g) Establecer mecanismos de evaluación constante de los programas adscritos a los tribunales para precisar su efectividad. Estos mecanismos incluirán la recopilación de estadísticas.

(h) Establecer mecanismos de evaluación y supervisión de los interventores y las interventoras neutrales adscritos a la Rama Judicial.

(i) Proveer orientación y adiestramiento a su personal, a la clase togada, a otros(otras)

profesionales y al público sobre la disponibilidad y el uso de los servicios de métodos alternos para la solución de conflictos.

(j) Aprobar manuales normativos para los diferentes programas alternos adscritos a la Rama Judicial.

(k) Coordinar y supervisar los distintos centros de mediación de conflictos de los centros judiciales.

**CAPÍTULO 3. REFERIMIENTO A MÉTODOS ALTERNOS PARA LA SOLUCIÓN DE CONFLICTOS**

**Regla 3.01. Selección de casos para referirse a métodos alternos para la solución de conflictos**

**(a) Al seleccionar los casos para ser referidos a métodos alternos para la solución de conflictos, el tribunal deberá considerar los factores siguientes:**

**(1) La naturaleza del caso.**

**(2) La naturaleza de la relación entre las partes.**

**(3) La disposición de las partes para negociar.**

**(4) La posibilidad de que la litigación afecte adversamente la relación.**

**(5) Los riesgos a la integridad física de los participantes o del interventor o de la interventora neutral.**

**(6) La necesidad de proveer remedios de emergencia antes del referimiento.**

**(7) Los costos y riesgos de la litigación.**

**Regla 3.02. Referimiento de una controversia pendiente a un método alterno para la solución de conflictos**

**(a) Un tribunal podrá referir un caso, por iniciativa propia o a solicitud de alguna de las partes, a un método alterno para la solución de conflictos provisto por:**

(1) los centros para la solución de conflictos establecidos dentro del sistema judicial y el Negociado de Métodos Alternos para la Solución de Conflictos;

(2) una agencia de gobierno que brinde estos servicios;

(3) una entidad privada certificada para ofrecer tal servicio, o

(4) un interventor o una interventora neutral independiente.

**Regla 3.03. Momento apropiado para el referimiento de los casos pendientes ante el tribunal**

(a) El tribunal tendrá discreción para determinar el momento apropiado para referir un caso a un método alterno para la solución de conflictos.

(b) El referimiento podrá hacerse en cualquier etapa del caso. No obstante, el tribunal podrá denegar una petición de referimiento hecha por una de las partes si determina que la misma no las beneficiará o dilatará la disposición del caso.

**Regla 3.04. Alcance de la orden de referimiento**

(a) El tribunal podrá ordenar a las partes a que comparezcan al método alterno para la solución de conflictos apropiado a su caso.

(b) La orden debe disponer en:

(1) Mediación – que el cumplimiento de la orden sólo requiere que las partes se sometan a una sesión inicial de orientación y que será potestativo de éstas someterse o no al proceso completo de mediación.

(2) Evaluación Neutral del Caso – que las partes están obligadas a participar del proceso y conocer el criterio del evaluador(a).

(3) Arbitraje – que será potestativo de las partes someterse al proceso.

**Regla 3.05. Efecto de la orden de referimiento a mediación o evaluación neutral, y de la decisión de someterse a arbitraje**

(a) Cuando el tribunal refiera un caso ante su consideración a mediación, las partes estarán obligadas a comparecer a la sesión inicial de orientación señalada bajo apercibimiento de desacato.

(b) Cuando el tribunal refiera un caso a evaluación neutral, las partes vendrán obligadas a participar de todo el proceso bajo apercibimiento de desacato.

(c) Cuando el tribunal recomiende a las partes que se sometan al procedimiento de arbitraje y las partes acojan su recomendación, deberán participar del proceso hasta su culminación.

**Regla 3.06. Término para concluir el referimiento**

Un caso que haya sido referido a un método alterno para la solución de conflictos, deberá ser concluido dentro del término de sesenta (60) días a partir de la fecha de notificación del referimiento. El tribunal podrá, por iniciativa propia o a moción de parte, ampliar o acortar este término por justa causa.

**Regla 3.07. La función de los abogados y las abogadas en los métodos alternos para la solución de conflictos**

(a) Los abogados y las abogadas orientarán a sus clientes sobre las ventajas del uso de métodos alternos para la solución de conflictos.

(b) Los criterios y las condiciones para la participación de los abogados y las abogadas en cada uno de los métodos alternos para la solución de conflictos se establecen en los capítulos específicos de cada método.

**CAPÍTULO 4. DE LOS INTERVENTORES O LAS INTERVENTORAS NEUTRALES**

Regla 4.01. Designación de los interventores neutrales

(a) En todos los casos que se refieran a un centro adscrito al Negociado de Métodos Alternos para la Solución de Conflictos, el interventor o la interventora neutral será designado en conformidad con la reglamentación y las normas internas que adopte el Negociado.

En todos los demás casos, las partes podrán seleccionar al interventor(a) neutral de su preferencia por acuerdo y en conformidad con los procedimientos que se establecen en los capítulos específicos de cada método.

(b) En ausencia de acuerdo entre las partes, el tribunal designará al interventor o a la interventora neutral de la lista de interventores(as) cualificados por el Negociado de Métodos Alternos para la Solución de Conflictos para prestar servicios a la Rama Judicial.

En circunstancias apropiadas, el tribunal, con anuencia de las partes, podrá designar como interventor(a) neutral a una persona que no esté certificada por el Negociado de Métodos Alternos para la Solución de Conflictos, por considerar que cuenta con el adiestramiento o la experiencia suficiente para entender en el proceso alterno de que se trate.

(c) Cualquier designación deberá tomar en cuenta los estándares y las normas indicadas en la Regla 4.02 dirigidas a evitar conflictos de intereses o apariencias de ello. El tribunal deberá hacer consultas apropiadas con las partes para lograr ese propósito.

**Regla 4.02. Deberes generales de los interventores y las interventoras neutrales**

El interventor o la interventora neutral deberá:

(a) Orientar adecuadamente a las partes sobre la naturaleza del servicio, sus limitaciones y beneficios.

(b) Alentar y ayudar a las partes para que logren un acuerdo.

(c) Cumplir cabalmente con las disposiciones sobre confidencialidad expuestas en este reglamento.

(d) Abstenerse de utilizar la información que le ha sido revelada durante un proceso alterno para la solución de conflictos para beneficio propio. Tampoco utilizará los resultados de su intervención para lograr publicidad o reconocimiento.

(e) Mantener una posición imparcial hacia todas las partes involucradas en el conflicto y evitar la apariencia de parcialidad.

(f) Abstenerse de actuar como interventor(a) neutral en toda controversia en la que su participación constituya un conflicto de interés o en la que perciba la existencia de un conflicto de interés. Si luego de iniciada su labor como interventor(a) sobreviniesen circunstancias que impliquen un conflicto de interés o que le hiciesen creer que existe tal conflicto, deberá cesar inmediatamente su intervención en el caso.

(g) Revelar a los(as) participantes cualquier circunstancia personal o profesional que pueda crear la apariencia de un conflicto de interés o generar dudas sobre su imparcialidad. Esta obligación será continua.

(h) No hacer falsas representaciones sobre los costos, beneficios o posibles resultados del uso del método alterno para la solución de conflictos ni de sus cualidades profesionales.

(i) Tomar los cursos requeridos de educación continua en métodos alternos para la solución de conflictos y así mantener su certificación como interventor(a) y los adiestramientos apropiados en procesos judiciales.

**Regla 4.03. Adiestramiento de los interventores o las interventoras neutrales**

Para actuar como interventor(a) neutral al amparo de este reglamento será deseable haber completado el adiestramiento que determine el Negociado de Métodos Alternos para la Solución de Conflictos. El adiestramiento

abarcará los aspectos sustantivos y procesales de los métodos alternos para la solución de conflictos, así como el componente teórico y práctico de la modalidad particular que el interventor o la interventora neutral empleará.

Los requisitos de educación continua que cada interventor(a) neutral debe completar serán determinados por el Negociado.

**Regla 4.04. Compensación de los interventores o las interventoras neutrales**

(a) Cuando el tribunal refiera una controversia a un interventor neutral del Negociado de Métodos Alternos para la Solución de Conflictos, la compensación o forma de pago será la que el Negociado determine. El interventor o la interventora neutral no podrá recibir ninguna compensación adicional por sus servicios.

(b) Cuando las partes seleccionen a un interventor o una interventora neutral que no sea empleado(a) de la Rama Judicial, acordarán por escrito con éste lo relativo al costo, la duración y la forma de pago antes de comenzar los procedimientos. El interventor o la interventora neutral no aceptará ninguna comisión, regalía o cualquier otra forma de pago que no haya sido previamente pactada.

**Regla 4.05. Recusación o inhibición de los interventores o las interventoras neutrales**

(a) Criterios. A iniciativa propia o como resultado de una recusación de parte, un interventor o una interventora neutral deberá inhibirse de actuar en un método alterno para la solución de conflictos en cualquiera de las situaciones siguientes:

(1) Cuando esté interesado(a) en el resultado del caso o tenga prejuicio o parcialidad personal hacia cualquiera de las partes o de sus abogados(as), si los hubiera.

(2) Cuando exista parentesco de consanguinidad o afinidad dentro del cuarto

grado con cualquiera de las partes o de sus abogados(as), si los hubiera.

(3) Cuando haya sido abogado(a, perito(a) o profesional de ayuda de cualquiera de las partes.

(4) Cuando exista una relación de amistad entre el interventor o la interventora neutral y cualesquiera de las partes o de sus abogados(as), si los hubiera, de tal naturaleza que pueda frustrar los fines de la justicia.

(5) Cuando exista cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad o que tienda a minar la confianza pública en el sistema de justicia.

(b) Procedimiento. Cualquier recusación deberá exponer los hechos en que está fundada y deberá ser presentada tan pronto el o la solicitante advenga en conocimiento de la causa.

En caso de que el interventor o la interventora neutral se inhiba o cuando alguna de las partes presente una solicitud de recusación, el interventor o la interventora neutral deberá suspender la vista y devolver el caso al juez o a la jueza que se lo refirió. Si las partes han acudido al método alterno para la solución de conflictos por cuenta propia, sin intervención del tribunal, el interventor neutral referirá el caso al Negociado de Métodos Alternos para la Solución de Conflictos, el que asignará el caso a otro interventor u otra interventora.

**Regla 4.06. Inmunidad**

(a) Los interventores o las interventoras neutrales tendrán la misma inmunidad contra reclamaciones civiles que se les reconoce a los jueces o las juezas del Tribunal General de Justicia por acciones u omisiones en que haya incurrido en el desempeño de sus funciones como tal.

(b) Esta regla no aplicará cuando el interventor o la interventora incurra en

fraude o dolo en el cumplimiento de sus funciones.

**Regla 4.07. Comunicaciones entre los interventores o las interventoras neutrales y el tribunal**

El interventor o la interventora neutral notificará al juez o a la jueza que le refirió el caso sobre los asuntos siguientes:

(a) La incomparecencia de una de las partes a la sesión inicial sobre el proceso.

(b) Si el caso es adecuado o no para recibir el servicio.

(c) Cualquier solicitud de tiempo adicional para completar un acuerdo.

(d) Cualquier pedido de las partes para que el tribunal emita alguna orden o medida judicial provisional que facilite el servicio.

(e) La imposibilidad de lograr un acuerdo entre las partes.

(f) Si hubo acuerdo entre las partes y, en los casos pertinentes, los términos de tal acuerdo.

**CAPÍTULO 5. ACUERDOS EN LOS MÉTODOS ALTERNOS PARA LA SOLUCIÓN DE CONFLICTOS**

**Regla 5.01. Acuerdos**

(a) Todos los acuerdos tomados dentro de un método alterno para la solución de conflictos deberán constar por escrito.

(b) Cuando las partes lleguen a un acuerdo o a una transacción dentro de un método alterno para la solución de conflictos, o como resultado del mismo, deberán informar tal circunstancia al tribunal.

(c) Los términos específicos de los acuerdos deberán notificarse al tribunal, a menos que las partes acuerden lo contrario.

No obstante, cuando el asunto en controversia esté revestido de un alto interés público, las partes tendrán que divulgar al tribunal el contenido del acuerdo o la transacción. En caso de que el acuerdo o la transacción afecte el bienestar o los derechos de menores o incapacitados, se seguirá el trámite dispuesto por ley.

## Regla 5.02. Efecto del acuerdo o la transacción

(a) Si las partes suscriben un acuerdo que disponga de la controversia, tal acuerdo será ejecutable entre las partes, sus herederos o causahabientes como cualquier otro contrato escrito.

(b) En caso de que las partes suscriban un acuerdo o una transacción y divulguen los términos del acuerdo al tribunal, éste incorporará dichos términos a la sentencia del caso.

(c) Cuando el acuerdo ponga fin al litigio y las partes hayan pactado no divulgar su contenido, así lo informarán al tribunal para que éste dicte sentencia en la que se archive el caso.

## CAPÍTULO 6. DISPOSICIONES MISCELÁNEAS

### Regla 6.01. Confidencialidad

(a) La información ofrecida por los(as) participantes en un proceso de mediación, arbitraje o evaluación neutral será confidencial y privilegiada; de igual manera lo serán todos los documentos y expedientes de trabajo de la oficina del mediador o de la mediadora, árbitro(a) o evaluador(a. Dicha información o documentación no podrá ser requerida en procesos judiciales, administrativos o de arbitraje, ni se podrá requerir al interventor o a la interventora neutral declarar sobre su contenido o sobre el proceso seguido ante él o ella.

(b) Cada parte en un método alterno deberá mantener la confidencialidad de la información recibida durante el proceso. En procesos judiciales, administrativos o de arbitraje no se utilizarán o presentarán como

prueba los puntos de vista, las sugerencias o las admisiones hechas por algún participante con relación a posibles acuerdos durante las sesiones de mediación. Tampoco se utilizarán las propuestas, los puntos de vista o recomendaciones ofrecidas por el interventor o la interventora neutral, ni el hecho de que algún(a) participante haya o no aceptado una sugerencia de acuerdo.

No obstante, las partes y el interventor o la interventora neutral podrán revelar la información transmitida en el método alterno siempre que medie consentimiento escrito de todas las partes involucradas.

(c) En caso de que alguna de las partes o sus abogados(as) revelen la totalidad o parte de la información ofrecida en el proceso alterno sin que medie autorización escrita, el tribunal podrá imponerles las sanciones que estime apropiadas.

(d) Esta regla no aplicará a los casos en que exista la obligación de informar sobre la existencia o la sospecha de maltrato o negligencia contra un menor ni a información sobre la planificación o intención de cometer un delito que ponga en riesgo la integridad física de terceras personas, los participantes o el interventor o la interventora neutral. Al inicio del proceso se orientará a los(as) participantes sobre este particular.

### Regla 6.02. Carácter privado de las sesiones

Las sesiones que se celebren en los métodos alternos para la solución de conflictos serán privadas. La participación de personas ajenas a la controversia estará sujeta al consentimiento de las partes y del interventor o de la interventora neutral.

### Regla 6.03 Casos no previstos por estas reglas

Cuando no se haya previsto una medida o un procedimiento específico en este reglamento, el Negociado de Métodos Alterno para la Solución de Conflictos, los Centros de Mediación, o el tribunal podrán reglamentar.

## CAPÍTULO 7. MEDIACIÓN

## Regla 7.01. Definición y propósitos de la mediación

(a) La mediación es una alternativa no adversativa para el manejo de conflictos. Es un proceso más rápido e informal que el procedimiento judicial que permite a las partes, con la intervención de un facilitador o una facilitadora imparcial denominado(a) mediador(a), explorar todas las opciones posibles para lograr un acuerdo que les sea mutuamente aceptable y que finalice el conflicto.

(b) La mediación tiene como propósitos promover la participación de las personas en la solución de sus conflictos y que las partes involucradas asuman responsabilidad en el cumplimiento de los acuerdos. Las partes tienen la potestad de decidir si se someten o no a este proceso.

## Regla 7.02. Casos elegibles

(a) Serán elegibles para mediación los casos civiles y los casos criminales de naturaleza menos grave, que puedan transigirse de acuerdo con las Reglas de Procedimiento Criminal.

(b) En los casos pendientes ante el tribunal, será éste quien determine si un caso es adecuado para referirse a mediación. No obstante, quedará a discreción del mediador o de la mediadora a quien se asigne el caso determinar si éste es adecuado para atenderse en el proceso de mediación.

(c) En la selección de los casos que se referirán a mediación, el tribunal utilizará los criterios establecidos por las Reglas 3.01 y 3.02 de este reglamento.

## Regla 7.03. Exclusiones

No podrán referirse ni atenderse en mediación los casos siguientes:

(a) los casos criminales que no sean transigibles bajo las Reglas de Procedimiento Criminal;

(b) los casos que impliquen una reclamación de derechos civiles o asuntos de alto interés público, y

(c) los casos en los que una parte no sea capaz de proteger efectivamente sus intereses durante el proceso de negociación.

## Regla 7.04. Referimiento a mediación

(a) El tribunal podrá referir cualquier caso que tenga ante su consideración, o parte del mismo, a mediación, ya sea por iniciativa propia o a solicitud de alguna de las partes.

## Regla 7.05. Designación del mediador o de la mediadora

(a) Cuando el tribunal refiera un caso a un Centro de Mediación de Conflictos adscrito al Negociado de Métodos Alternos para la Solución de Conflictos, la designación del mediador o de la mediadora se hará de acuerdo con los procedimientos establecidos por cada Centro.

(b) En todos los demás casos, las partes podrán seleccionar en común acuerdo al mediador o a la mediadora, dentro del término de quince (15) días de haberse referido el caso a mediación, de una de las formas siguientes:

(1) escogiendo de una lista actualizada provista por el tribunal y preparada por el Negociado de Métodos Alternos para la Solución de Conflictos, o

(2) seleccionando a cualquier persona o entidad pública o privada que preste servicios de mediación, aun cuando ésta no figure en la lista de dicho Negociado.

En (caso de que las partes no puedan ponerse de acuerdo, el tribunal designará al mediador o a la mediadora o a la entidad que prestará tales servicios de la lista preparada por el Negociado de Métodos Alternos para la Solución de Conflictos tomando en cuenta los criterios establecidos en las Reglas 3.02, 4.01 y 4.02 de este reglamento.

**Regla 7.06. Cualificaciones, deberes y obligaciones éticas del mediador o la mediadora**

El mediador o la mediadora cumplirá con las cualificaciones, deberes y obligaciones éticas establecidas por este reglamento y por el Negociado de Métodos Alternos para la Solución de Conflictos.

**Regla 7.07. Imparcialidad del mediador o la mediadora**

El mediador o la mediadora deberá mantener una posición de imparcialidad hacia todas las partes involucradas en la controversia. Ayudará a todas las partes por igual a llegar a un acuerdo mutuamente satisfactorio sin abogar por los intereses de una de las partes en el proceso para la solución de la disputa.

**Regla 7.08. Autoridad o facultades del mediador o la mediadora**

(a) El mediador o la mediadora tendrá autoridad para:

(1) llevar a cabo reuniones conjuntas o separadas (caucus) con los (y las) participantes;

(2) hacer recomendaciones verbales sobre las posibles formas de arreglo;

(3) obtener el consejo de otros expertos(as) en lo que se refiere a asuntos técnicos de la controversia, a iniciativa propia o a solicitud de alguna de las partes, y requerir el pago de sus servicios siempre que consulte a las partes previo a la contratación;

(4) mantener el orden del proceso de mediación y requerir a los (y las) participantes el cumplimiento de las reglas de la mediación aceptadas por éstos al inicio del proceso;

(5) disponer las reglas procesales que estime apropiadas para facilitar el logro de los objetivos de la mediación;

(6) posponer las sesiones según estime apropiado o pertinente, tomando en cuenta el interés de las partes, y

(7) dar por terminada la mediación en cualquier momento.

(b) El mediador o la mediadora no tiene autoridad para obligar a las partes en controversia a llegar a algún acuerdo en particular.


## Regla 7.09. Tiempo y lugar de la mediación

**(a**) Citación inicial

Los Centros de Mediación de Conflictos, o aquellos mediadores o aquellas mediadoras a quienes el tribunal refiera casos, citarán prontamente a una sesión de orientación a fin de cumplir con el objetivo de este reglamento de brindar rápida solución a las controversias.

(b) Sesión de orientación

En la sesión de orientación, el mediador o la mediadora deberá:

(1) informar a los (y las) participantes que el proceso es voluntario y que es un facilitador o una facilitadora imparcial que no tiene autoridad para imponer acuerdos;

(2) informar que no representa ni asesora a ninguno de los (y las) participantes;

(3) definir y describir el proceso de mediación y su naturaleza privilegiada y confidencial;

(4) ayudar a los (y las) participantes a evaluar los beneficios, riesgos y costos de la mediación;

(5) revelar la naturaleza y el grado de relación con cualquiera de las partes y cualquier interés personal, financiero u otro que pueda resultar en prejuicio o en un conflicto de interés, y

(6) aconsejar a los (y las) participantes del derecho que les asiste a buscar asesoramiento legal independiente en caso de que no lo tengan.

## Regla 7.10. Conclusión de la mediación

(a) El proceso de mediación podrá darse por terminado en cualquier momento, por cualquiera de las partes involucradas o por el mediador o la mediadora.

(b) Una vez las partes se hayan acogido al proceso de mediación, éste podrá concluir por cualquiera de las razones siguientes:

(1) las partes lograron un acuerdo;

(2) las partes no lograron un acuerdo;

(3) alguna de las partes incompareció a la vista;

(4) una o ambas partes se retiran del proceso;

(5) se venció el término de tiempo concedido por el tribunal para la mediación y las partes no solicitaron prórroga o, si la solicitaron, no les fue concedida, o

(6) cuando, a juicio del mediador o de la mediadora, el proceso no está resultando de beneficio.

(c) El que se dé por terminada la mediación en alguna etapa de un caso no impedirá que se recurra nuevamente a este proceso si las circunstancias son favorables.

## Regla 7.11. Comunicaciones con el tribunal

(a) El mediador o la mediadora, luego de dar por terminada la mediación, le informará por escrito al tribunal lo siguiente:

(1) Si las partes lograron o no un acuerdo.

(2) Si alguna de las partes incompareció a las vistas.

(3) Si se venció el término concedido por el tribunal.

(4) Si una o ambas partes se retira del proceso.

(5) Si, a juicio del mediador o de la mediadora, el proceso no está resultando de beneficio.

(b) Será responsabilidad de las partes informar el acuerdo al tribunal utilizando los criterios establecidos en la Regla 5.01 de este reglamento.

**Regla 7.12. Participación de los abogados y las abogadas en el proceso de mediación**

(a) Entrevista y sesión de orientación

Las partes podrán estar acompañadas de sus abogados(as) durante la entrevista inicial y en la sesión de orientación que se lleve a cabo con cada parte por separado en mediación.

(b) Sesiones conjuntas

En las sesiones conjuntas se permitirá la participación de los abogados y de las abogadas con el consentimiento de las partes y del mediador o de la mediadora. De aceptarse la participación de abogados(as) en las sesiones conjuntas, el mediador o la mediadora requerirá que cada parte esté así representada, y a los abogados y las_abogadas les aplicarán las mismas normas que le apliquen a las partes.

(c) La función de los abogados y las abogadas en las sesiones conjuntas de mediación deberá limitarse a proveer asesoramiento e información a sus representados(as, aclarar dudas y hacer sugerencias sobre las alternativas de solución.

**CAPÍTULO 8. ARBITRAJE**

**Regla 8.01. Propósito**

(a) El arbitraje tiene como propósito el proveer a las partes la oportunidad de presentar su versión de los hechos, las teorías legales y la evidencia dentro de un procedimiento adjudicativo más rápido e informal que el judicial. Este procedimiento culmina con la emisión de un laudo en el cual se resuelve la totalidad de las controversias y los asuntos planteados al árbitro(a. Las partes tienen la potestad de decidir si se someten o no a este proceso.

(b) El procedimiento dispuesto en estas reglas en nada afecta la validez y el ámbito de aplicación de la Ley de Arbitraje de Puerto Rico.

(c) Nada de lo dispuesto en este Capítulo 8, limita o menoscaba la facultad del tribunal para nombrar un Comisionado, conforme a las disposiciones de la Regla 41 de las Reglas de Procedimiento Civil, 32 L.P.R.A. R.41.

**Regla 8.02. Casos elegibles**

Serán elegibles para arbitraje todas las acciones de naturaleza civil que no estén excluidas por estas reglas.

**Regla 8.03. Exclusiones**

(a) No podrán referirse a arbitraje los casos que pertenezcan a las categorías siguientes:

(1) Los casos de naturaleza criminal.

(2) Los procedimientos incoados bajo la Ley de Menores de Puerto Rico.

(3) Las infracciones a ordenanzas municipales de naturaleza penal.

(4) Los recursos de hábeas corpus.

(5) Los recursos al amparo de la Ley de Procedimientos Legales Especiales y la Ley de Recursos Extraordinarios que requieran de una atención y disposición expedita.

(6) Los casos en los que una de las partes se encuentre recluida en una institución penal.

(7) Los casos que impliquen una reclamación de derechos civiles.

(b) El tribunal tendrá discreción para excluir cualquier caso que no pertenezca a ninguna de las categorías mencionadas en el inciso (a) de esta regla cuando, a su juicio, la naturaleza del caso, la complejidad de las controversias o cualesquiera otras circunstancias lo hagan inapropiado para arbitraje.

## Regla 8.04. Procedimiento para referir casos a arbitraje

(a) El tribunal, en el ejercicio de su discreción y tomando en consideración la naturaleza del caso, sus circunstancias específicas y la probabilidad de que el arbitraje resulte efectivo para lograr la pronta solución del mismo, podrá recomendar a las partes que sometan sus controversias a arbitraje.

(b) En caso de que las partes acojan la recomendación del tribunal, lo informarán al tribunal dentro de un plazo que no excederá de cinco (5) días a partir de la fecha en que se haya recomendado el desvío a arbitraje.

## Regla 8.05. Referimiento a solicitud de las partes

(a) Cualquier parte en un procedimiento de naturaleza civil pendiente ante el tribunal podrá solicitar, mediante moción al efecto, que su caso sea referido al procedimiento de arbitraje regulado por este Capítulo.

(b) Cuando no haya oposición a la solicitud de referimiento o cuando ésta sea presentada por ambas partes en común acuerdo, el tribunal referirá el caso a menos que se trate de alguno de los casos excluidos por estas reglas o que el tribunal considere que las controversias no son apropiadas para arbitraje. En caso de que alguna de las partes en el pleito se oponga a la solicitud, el caso permanecerá en el foro judicial.

(c) Las disposiciones y los procedimientos establecidos en este Capítulo aplicarán a todos los casos que se refieran a arbitraje a tenor con esta regla.

## Regla 8.06. Efecto de la presentación de una moción dispositiva

(a) La presentación de una moción de desestimación, desistimiento, de sentencia sumaria o de sentencia por las alegaciones con anterioridad a la fecha señalada para la celebración de la vista inicial de arbitraje, suspenderá el arbitraje hasta que el tribunal resuelva los planteamientos formulados en la moción. La parte que presente una moción de esta naturaleza deberá notificar al árbitro(a) con copia de la misma. Asimismo, notificará al árbitro(a) de cualquier providencia o disposición del tribunal con relación a la moción.

(b) El tribunal no considerará ninguna de las mociones relacionadas en el inciso (a) de esta regla que se presente con posterioridad a la celebración de la vista inicial de arbitraje.

## Regla 8.07. Cualificaciones y adiestramiento de los árbitros(as)

(a) El procedimiento de arbitraje estará dirigido por un árbitro(a) que deberá cumplir con los requisitos dispuestos en esta regla. No obstante, las partes podrán acordar someter su caso a un panel compuesto por tres (3) árbitros(as).

(b) Podrá actuar como árbitro(a) cualquier abogado(a) de competencia reconocida y que cumpla con los requisitos establecidos en la Regla 4.03 de este reglamento.

(c) No obstante lo dispuesto en el inciso anterior, las partes podrán acordar someter su caso a un árbitro(a) que no esté admitido(a) al ejercicio de la abogacía cuando en el mismo se planteen controversias técnicas o sumamente especializadas, y la intervención de un experto en la materia de la que traten las controversias pueda

resultar más productiva que la de un abogado o una abogada.

(d) Todo abogado y toda abogada que interese cualificar para actuar como árbitro(a) en un centro adscrito al Negociado de Métodos Alternos para la Solución de Conflictos deberá completar el adiestramiento y los cursos exigidos por dicho Negociado y este Reglamento. El Negociado preparará y mantendrá, además, una lista actualizada de árbitros(as) independientes cualificados(as) por el Negociado que interesen prestar servicios ocasionales a la Rama Judicial.

**Regla 8.08. Selección de los árbitros(as)**

(a) Cuando las partes decidan someter su caso a un Centro de Mediación de Conflictos adscrito al Negociado de Métodos Alternos para la Solución de Conflictos, el árbitro(a) será designado(a) por el Centro en conformidad con sus normas y procedimientos internos.

(b) En todos los demás casos las partes podrán, en común acuerdo, seleccionar a cualquier persona para actuar como árbitro(a) aun cuando ésta no figure en la lista de candidatos(as) del Negociado.

(c) Cuando el tribunal recomiende que un caso se refiera a arbitraje y las partes acojan la recomendación, deberán informarle al tribunal el nombre del candidato o de la candidata o los candidatos y las candidatas seleccionados(as) dentro del término de diez (10) días de haberle notificado al tribunal su decisión de someter el caso a arbitraje.

(d) Cuando las partes soliciten el arbitraje al tribunal deberán informar el candidato o la candidata, o los candidatos, o las candidatas seleccionados(as) dentro de los diez (10) días siguientes a la notificación de la solución en la que el tribunal apruebe el referimiento solicitado.

(e) En caso de que las partes no logren ponerse de acuerdo, el tribunal examinará la lista de árbitros(as) cualificados(as) preparada por el Negociado y preparará otra

lista con un subgrupo de los candidatos o las candidatas que, a su juicio, están mejor cualificados(as) para intervenir en el caso. El número de candidatos(as) incluido en este subgrupo se determinará tomando en consideración la cantidad de partes en el caso y si intervendrá un solo árbitro, o una sola árbitra o un panel.

La lista preparada por el tribunal se someterá a la consideración de las partes y cada una de ellas recusará simultánea y secretamente a un (1) candidato o candidata. Si las partes recusan el mismo candidato o la misma candidata o si, por alguna razón, después de efectuadas las recusaciones quedan más candidatos(as) elegibles de los(as) que intervendrán en el caso, el tribunal hará la selección final.

**Regla 8.09. Orden de designación del árbitro o árbitra; declinación de la designación**

(a) En todos los casos, una vez se haya seleccionado el árbitro(a), el tribunal emitirá una orden en la que designe oficialmente al árbitro(a) o panel de árbitros(as) seleccionado para intervenir en el caso. Dicha orden será notificada de inmediato al árbitro(a) o los árbitros(as) y a las partes. Las partes tendrán el término de diez (10) días a partir de la aceptación de la encomienda por el árbitro(a) o árbitros(as) para informar por escrito al tribunal si han acordado que el laudo de arbitraje sea vinculante.

(b) Si el candidato o la candidata o alguno de los candidatos o las candidatas designados(as) no estuviera disponible o dispuesto para actuar como árbitro(a) en el caso, deberá informarlo al tribunal dentro de los diez (10) días siguientes al archivo en autos de una copia de la notificación de la orden de designación. En ese caso, se dará comienzo nuevamente al proceso de selección.

**Regla 8.10. Jurisdicción del árbitro o árbitra**

(a) El árbitro(a) tendrá jurisdicción sobre todos los asuntos y las controversias que se planteen en el caso ante su consideración y deberá resolverlas en su totalidad.

(b) No obstante, cuando las partes seleccionen un árbitro(a) o panel de árbitros(as) que no estén admitidos(as) al ejercicio de la abogacía, el tribunal emitirá una orden en la que delimite específicamente las controversias que podrán resolverse en el arbitraje. La orden así dictada deberá notificarse al árbitro(a) o al panel de árbitros(as) y a las partes. En estos casos, el árbitro(a) o el panel de árbitros(as) no tendrá jurisdicción sobre ningún asunto que no esté expresamente delimitado en la orden.

**Regla 8.11. Facultades del árbitro o árbitra**

(a) En todo caso ante su consideración, el árbitro(a) o el panel de árbitros(as) podrá:

(1) señalar la fecha, la hora y el lugar de las vistas de arbitraje;

(2) notificar a las partes el señalamiento de las vistas;

(3) celebrar y dirigir las vistas de arbitraje;

(4) emitir órdenes de citación de testigos;

(5) tomar juramentos y afirmaciones;

(6) emitir y hacer constar por escrito las instrucciones y órdenes necesarias para lograr la más eficiente, ordenada y pronta tramitación del caso ante su consideración;

(7) imponer sanciones a las partes por su incomparecencia a las vistas de arbitraje;

(8) en las situaciones en que el árbitro(a) sea abogado(a), intervenir y resolver los asuntos relativos al descubrimiento de prueba que le planteen las partes dentro del procedimiento, así como ordenar la producción de evidencia o el descubrimiento de prueba adicional al efectuado por las partes, y

(9) emitir laudos.

(b) Las órdenes de citación de testigos serán expedidas por la Secretaría del Tribunal de Primera Instancia, llevarán la firma del Secretario y el sello del tribunal, y se considerarán para todos los fines legales como citaciones del tribunal.

**Regla 8.12. Órdenes protectoras**

(a) No obstante lo dispuesto en la Regla 8.11(a)(8) de este Capítulo, el descubrimiento de prueba en el procedimiento de arbitraje estará sujeto a la supervisión del tribunal en todo momento. Cualquier parte que no esté de acuerdo con alguna determinación del árbitro(a) o del panel de árbitros(as) relativa al descubrimiento de prueba, podrá presentar una moción al tribunal en la que solicite una orden protectora.

(b) El tribunal podrá, por justa causa, emitir cualquier orden para proteger de hostigamiento, perturbación u opresión, o de cualquier gasto o molestia indebida a la parte que solicite su intervención. A ese fin, el tribunal podrá tomar cualquiera de las medidas provistas en las Reglas de Procedimiento Civil. Si la moción que solicita una orden protectora al amparo de esta regla es denegada en todo o en parte, el tribunal ordenará al solicitante que cumpla con lo ordenado o dispuesto por el árbitro(a) bajo aquellos términos y condiciones que sean justos.

## Regla 8.13. Vistas de arbitraje

(a) La vista inicial de arbitraje deberá celebrarse dentro de los treinta (30) días siguientes a la notificación de la orden de designación del árbitro(a) o panel de árbitros(as). El árbitro(a) señalará la fecha, la hora y el lugar en que se celebrará dicha vista y notificará adecuadamente a las partes.

(b) Las partes deberán someter un escrito breve en el cual identifiquen toda la prueba documental, real y testifical que se proponen presentar en la vista por los menos siete (7) días antes de la fecha señalada para la vista. Dicho escrito deberá notificarse a todas las partes en el caso. El árbitro(a) podrá negarse a recibir en evidencia cualquier exhibit o testimonio que no se haya incluido en el informe.

(c) Los procedimientos ante el árbitro(a) o panel de árbitros(as) se llevarán a cabo informalmente. Los hechos, las controversias y las teorías legales del caso se presentarán

principalmente por medio de las argumentaciones y los planteamientos de los abogados o las abogadas de las partes y de la evidencia documental o real.

(d) La presentación de la prueba testifical en las vistas de arbitraje deberá utilizarse lo menos posible. Antes de declarar, todo testigo expresará su propósito de decir la verdad mediante juramento, afirmación o de cualquier otro modo que, a juicio del árbitro(a) o panel de árbitros(as), obligue al testigo a decir la verdad. En caso de que un testigo falte a su juramento o afirmación, quedará sujeto a perjurio en conformidad con las disposiciones aplicables del Código Penal de Puerto Rico. Las partes tendrán derecho a contrainterrogar a los (y las) testigos que se presenten en el procedimiento.

(e) Las Reglas de Derecho Probatorio (Evidencia) podrán utilizarse como guías en las vistas de arbitraje, pero se aplicarán flexiblemente. No obstante, las reglas sobre privilegios aplicarán estrictamente.

(f) La incomparecencia de alguna de las partes no será motivo para suspender una vista de arbitraje. El árbitro(a) o panel de árbitros(as) podrá emitir el laudo a base de una relación bajo juramento de los fundamentos en los que la parte compareciente apoye su posición, de declaraciones juradas o de cualquier otra prueba que, a juicio del árbitro(a) o panel de árbitros(as), sea suficiente para demostrar los méritos de la posición de dicha parte. El árbitro(a) o panel de árbitros(as) tendrá discreción para requerir una prueba adicional a la provista por la parte compareciente cuando estime que algún hecho o cualquier asunto no ha sido debidamente acreditado.

Regla 8.14. Transcripción o grabación de los procedimientos

(a) Cualquier de las partes podrá, a su costo, grabar o transcribir los procedimientos que se lleven a cabo ante el árbitro(a) o panel de árbitro(as)

(b) En ausencia de estipulación, ninguna parte de una transcripción o grabación de los procedimientos podrá admitirse en evidencia

en un juicio ordinario ante el tribunal, salvo en un procedimiento penal por perjurio.

(c) Las partes podrán, mediante acuerdo escrito y para cualquier fin, estipular la admisibilidad en evidencia de las transcripciones o grabaciones en un juicio ordinario ante el tribunal. Cualquier acuerdo o estipulación de esta índole deberá presentársele al tribunal y llevará la firma de las partes o sus abogados(as).

**Regla 8.15. Laudo de arbitraje; término para rendirlo**

(a) Terminado el procedimiento de arbitraje, el árbitro(a) o panel de árbitros(as) emitirá su decisión mediante un laudo. En ausencia de acuerdo o estipulación, el laudo no tendrá que emitirse conforme a derecho.

El laudo será breve y conciso, expresará claramente los remedios concedidos a la parte prevaleciente y estará firmado por el árbitro(a) o por dos (2) de los árbitros y las árbitras, si el caso se presentó ante un panel. No será necesario que el laudo incluya determinaciones de hechos y conclusiones de derecho.

(b) El laudo de arbitraje deberá emitirse dentro de los treinta (30) días siguientes a la celebración de la última vista de arbitraje. Las partes podrán acortar o prorrogar dicho término mediante acuerdo escrito.

**Regla 8.16. Notificación del laudo**

(a) El árbitro(a) notificará el laudo a las partes por correo certificado o servicio similar de entrega personal con acuse de recibo y remitirá al Negociado de Métodos Alternos para la Solución de Conflictos una copia del laudo en un sobre sellado. Dicho sobre se archivará en el Negociado durante los veinte (20) días siguientes a la notificación del laudo a las partes.

(b) En los casos en los que se haya pactado que el laudo será vinculante, el árbitro(a) remitirá el laudo inmediatamente a las partes

y al tribunal por correo o mediante servicio de entrega personal.

**Regla 8.17. Efecto del acuerdo de que el laudo sea vinculante**

En los casos en los que se haya convenido que el laudo sea vinculante, ninguna de las partes podrá solicitar la celebración de un juicio ordinario. No obstante, el laudo podrá revocarse, modificarse o corregirse en conformidad con lo dispuesto en la Regla 8.20 de este reglamento.

**Regla 8.18. Sentencia**

(a) Transcurridos los veinte (20) días relacionados en la Regla 8.19(a) sin que se solicite la celebración de un juicio ordinario, la parte victoriosa deberá presentar una moción en la que informe dicha circunstancia al tribunal y solicite que se ordene al Negociado de Métodos Alternos para la Solución de Conflictos que remita el sobre contentivo del laudo a la Secretaría del tribunal.

(b) La Secretaría del tribunal deberá unir el laudo al expediente del caso y lo remitirá al juez o a la jueza, quien lo adoptará y dictará sentencia en conformidad con sus términos. Dicha sentencia tendrá la validez y los mismos efectos de una sentencia dictada en un procedimiento judicial, pero no será revisable por el Tribunal de Circuito de Apelaciones de ningún modo.

(c) En caso de que las partes hayan pactado que el laudo sea vinculante, la Secretaría del tribunal unirá el laudo al expediente del caso y lo remitirá al juez o a la jueza, quien dictará sentencia en conformidad con sus términos.

**Regla 8.19. Solicitud de juicio**

(a) A menos que las partes hayan convenido que el laudo sea vinculante, cualquiera de las partes que no esté conforme con la decisión del árbitro(a) o panel de árbitros(as) podrá presentar una moción al tribunal en la que solicite la reinstalación de los procedimientos dentro del plazo jurisdiccional de veinte (20) días siguientes

a la notificación del laudo. De solicitarse oportunamente, el caso se colocará en el calendario del tribunal y seguirá su curso como si no hubiera sido referido a arbitraje.

(b) De solicitarse la celebración de juicio ordinario, el Negociado de Métodos Alternos para la Solución de Conflictos retendrá el sobre contentivo del laudo hasta la etapa de dictar sentencia.

(c) El tribunal estará impedido de inquirir sobre los procedimientos llevados a cabo ante el árbitro(a), la conducta de las partes en el arbitraje o el laudo. Asimismo, en ausencia de estipulación, ni las partes ni sus abogados(as) podrán divulgar al tribunal información alguna relativa a dichos asuntos.

(d) El tribunal no podrá solicitar el sobre sellado contentivo del laudo hasta que dicte sentencia. En ese momento, el tribunal quedará autorizado para abrir el sobre y examinar el laudo, a fin de determinar si procede la imposición de sanciones en conformidad con lo dispuesto en la Regla 8.21 de este reglamento.

**Regla 8.20. Revocación, modificación o corrección del laudo**

(a) En los casos en los que se haya pactado que el laudo sea vinculante, el tribunal podrá, mediante moción presentada por cualquiera de las partes, dictar una orden que revoque el laudo:

(1) cuando el laudo se haya obtenido mediante corrupción, fraude u otro medio indebido;

(2) cuando el árbitro(a) haya incurrido en parcialidad o corrupción evidente;

(3) cuando los árbitros y las árbitras actúen erróneamente al rehusarse a admitir evidencia pertinente y material a la controversia;

(4) en caso de que se trate de un árbitro(a) no admitido(a) al ejercicio de la abogacía, cuando se extienda en sus funciones o no resuelva de forma final y definitiva la controversia delimitada por el tribunal.

(b) De igual forma, el tribunal podrá intervenir, a solicitud de cualquiera de las partes, y modificar o corregir el laudo:

(1) cuando haya un error de cálculo evidente en cuanto a las cifras o error evidente en la descripción de cualquier persona, cosa o propiedad;

(2) cuando el laudo sea imperfecto en materia de forma, sin afectar los méritos de la controversia, y

(3) en caso de que intervenga un árbitro(a) no admitido(a) al ejercicio de la abogacía, cuando resuelva sobre materias que no le hayan sido sometidas.

**Regla 8.21. Sanciones**

(a) La parte que prevalezca en el procedimiento de arbitraje y obtenga en el juicio ordinario una cantidad igual o menor a la obtenida en el laudo perderá su derecho a recuperar las costas y los gastos del procedimiento judicial, así como cualquier suma a la cual podría tener derecho por concepto de honorarios de abogado(a).

(b) En caso de que la parte perdidosa en el arbitraje solicite un juicio ordinario en el cual obtenga el mismo resultado, deberá reembolsar a la parte prevaleciente las costas y desembolsos del litigio, así como cualquier suma que se le haya adjudicado por concepto de honorarios de abogado(a). Asimismo, tendrá que reembolsar a la parte prevaleciente las costas y los gastos del procedimiento de arbitraje.

(c) En cualquiera de los casos anteriores, el tribunal ordenará a las partes que depositen o afiancen el monto estimado de la compensación, pudiendo requerir depósitos adicionales para ajustarla a la compensación real a pagarse. Cualquier sobrante será reintegrado a las partes al finalizar el arbitraje.

**Regla 8.22. Ejecución de la sentencia**

La parte a cuyo favor se dicte sentencia podrá ejecutarla en conformidad con las disposiciones de las Reglas de Procedimiento Civil relativas a la ejecución de las sentencias.

## CAPÍTULO 9. EVALUACIÓN NEUTRAL

### Regla 9.01. Propósito

El procedimiento de evaluación neutral tiene como propósito permitir a los (y las) litigantes que obtengan una evaluación razonada y no vinculante de su caso en los méritos. Dicha evaluación se basará en la información que las partes suministren al evaluador o a la evaluadora neutral, la que deberá incluir su versión de los hechos, sus teorías legales y la prueba disponible.

### Regla 9.02. Casos elegibles

(a) Serán elegibles para el procedimiento de evaluación neutral todos los casos de naturaleza civil. El tribunal, a iniciativa propia o a solicitud de alguna de las partes, determinará los casos que se referirán al procedimiento de evaluación neutral, tomando en consideración las probabilidades de que este mecanismo resulte efectivo para lograr la pronta solución de las controversias planteadas por las partes.

(b) A fin de evaluar las probabilidades de efectividad de la evaluación neutral en cada caso, el tribunal deberá considerar, entre otros, los factores siguientes:

(1) La naturaleza del caso.

(2) La posibilidad de lograr un acuerdo.

(3) La necesidad de proveer remedios de emergencia antes del referimiento.

(4) Los costos y riesgos de la litigación.

(c) En los casos que impliquen controversias de interés público, el tribunal deberá sopesar el interés de las partes en que su caso se resuelva rápida y económicamente, frente a la importancia del interés público y

la necesidad de aclarar o establecer una norma o precedente judicial. Cuando, a juicio del tribunal, el interés público sea mayor o más importante que el interés de las partes, el caso no deberá referirse a evaluación neutral.

**Regla 9.03. Procedimiento para referir casos**

(a) El envío de un caso al procedimiento de evaluación neutral deberá llevarse a cabo en las etapas procesales tempranas del mismo. No obstante, el tribunal tendrá discreción para referir un caso en cualquier etapa posterior cuando, considerada la naturaleza del caso o las circunstancias específicas del mismo, ello fomente la mayor efectividad del método alterno y la más pronta solución del caso.

(b) Una vez el tribunal determine referir un caso al procedimiento de evaluación neutral, emitirá una orden en la que notifique a las partes su decisión.

**Regla 9.04. Cualificaciones y deberes del evaluador o de la evaluadora neutral**

(a) Podrá actuar como evaluador(a) neutral cualquier abogado(a) o experto(a) en la materia de la que trate el caso, de competencia reconocida y que cumpla con los requisitos establecidos en la Regla 4.03 de este reglamento.

(b) En los casos ante su consideración, el evaluador o la evaluadora deberá servir como facilitador(a) a los fines de:

(1) generar análisis y discusión sobre las controversias, las debilidades y los puntos fuertes de la posición de cada una de las partes;

(2) Identificar las controversias principales;

(3) identificar las áreas sobre las cuales no existe controversia y fomentar las estipulaciones entre las partes;

(4) calcular el valor estimado del caso;

(5) explorar las posibilidades de transacción, y

(6) ayudar a las partes a simplificar controversias y a diseñar un descubrimiento de prueba adecuado y efectivo.

**Regla 9.05. Designación del evaluador o de la evaluadora neutral**

(a) En los casos que se refieran a un centro adscrito al Negociado de Métodos Alternos para la Solución de Conflictos, el evaluador o la evaluadora neutral será designado por el Centro de Mediación de Conflictos en conformidad con sus normas y procedimientos internos.

(b) En todos los demás casos, las partes podrán, en común acuerdo, seleccionar a cualquier persona para que intervenga como evaluador(a) neutral aun cuando ésta no figure en la lista de candidatos(as) del Negociado de Métodos Alternos para la Solución de Conflictos.

Las partes informarán al tribunal el nombre del candidato o de la candidata; o los candidatos y las candidatas seleccionados(as) dentro de los diez(10) días de la notificación de la orden de referimiento.

(c) En caso de que las partes no puedan ponerse de acuerdo para designar un evaluador o una evaluadora neutral en conformidad con el método dispuesto en el inciso anterior, el tribunal hará la designación correspondiente a base de la lista de evaluadores(as) certificados(as) preparada por el Negociado de Métodos Alternos para la Solución de Conflictos.

(d) El tribunal emitirá una orden en la que designe oficialmente al evaluador o a la evaluadora neutral seleccionado(a) para intervenir en el caso. Dicha orden se notificará de inmediato al evaluador o a la evaluadora y a las partes. Si el candidato o la candidata o alguno(a) de los candidatos y las candidatas designados(as) no estuviera disponible o dispuesto(a) para actuar como evaluador(a) neutral en el caso, deberá

informarlo al tribunal dentro de los diez (10) días siguientes al archivo en autos de una copia de la notificación de la orden de designación. En ese caso, se dará comienzo nuevamente al proceso de selección.

(e) Si el evaluador o la evaluadora neutral o alguna de las partes se percata de algún hecho que pueda arrojar dudas en torno a la imparcialidad del evaluador o de la evaluadora con posterioridad a su designación, deberá seguirse el procedimiento establecido en la Regla 4.05 de este reglamento.

## Regla 9.06. Procedimientos anteriores a la sesión de evaluación

(a) El evaluador o evaluadora neutral señalará una fecha para la sesión de evaluación y la notificará a las partes dentro de los veinte (20) días siguientes a la notificación de la orden que refiera el caso a evaluación neutral. En la notificación de la sesión, el evaluador o la evaluadora podrá solicitar a las partes que le envíen copia de las alegaciones y los escritos presentados en el procedimiento judicial.

(b) Examinadas las alegaciones y los escritos el evaluador o la evaluadora podrá, a su discreción, requerir de cada una de las partes que le someta un informe escrito por lo menos siete (7) días antes de la fecha señalada para la celebración de la sesión. Podrá, además, requerir copia de aquellos documentos que, a su juicio, puedan ayudarle a descargar sus funciones adecuadamente.

El informe contendrá la información siguiente:

(1) Una breve relación de los hechos en que se basa la reclamación.

(2) Las teorías legales aplicables.

(3) Las controversias de hechos y de derecho.

(4) La identificación de aquellas controversias de hecho y de derecho cuya pronta solución pueda reducir el ámbito del

caso o contribuir significativamente a la productividad y efectividad de las discusiones transaccionales.

(5) La identificación de cualquier método de descubrimiento de prueba que pueda contribuir significativamente a los esfuerzos para transigir el caso.

(6) La identificación o designación de aquellas personas autorizadas por las partes para comparecer a la sesión en su representación y tomar decisiones en su nombre.

(c) Las partes podrán someter con el informe copias de los documentos en los que se base la reclamación o llevarlos consigo a la sesión de evaluación. En caso de que alguna de las partes interese ofrecer en la sesión documentos que no obren en el expediente judicial ni se hayan hecho formar parte del informe, deberá notificar con copia de los mismos a todas las partes y al evaluador y a la evaluadora neutral. Dicha notificación se hará personalmente, por lo menos dos (2) días antes de la fecha señalada para la celebración de la sesión. El evaluador o la evaluadora podrá negarse a considerar los documentos que no hayan sido debidamente notificados.

## Regla 9.07. Sesiones de evaluación

(a) El evaluador o la evaluadora neutral tendrá autoridad para señalar la fecha, la hora y el lugar en que habrán de celebrarse las sesiones de evaluación y para estructurarlas y dirigirlas.

(b) Los procedimientos ante el evaluador o la evaluadora neutral se llevarán a cabo informalmente. Los hechos, las controversias y las teorías legales del caso se presentarán principalmente por medio de las exposiciones de los abogados y las abogadas o de las partes.

(c) La autoridad del evaluador o de la evaluadora neutral se limita a los procedimientos que se lleven a cabo ante sí. El evaluador o la evaluadora no tendrá

facultad para ordenar a las partes o a sus abogados(as) a tomar ninguna acción fuera de las sesiones, a menos que esté expresamente autorizado por estas reglas para hacerlo.

(d) Al finalizar la primera sesión, el evaluador o evaluadora determinará si es necesaria la celebración de sesiones de seguimiento y tendrá autoridad para citar a las partes a comparecer a dichas sesiones.

(e) El evaluador o la evaluadora neutral rendirá un informe verbal a las partes sobre su opinión en torno a la responsabilidad de éstas y, en los casos en que sea posible, un estimado de la cuantía aproximada de los daños. Además, incluirá la conclusión u opinión que rendiría el evaluador o la evaluadora si fuera el juez o la jueza en el caso.

(f) De las partes no transigir el caso, las partes podrán utilizar la información suplida por el evaluador o la evaluadora a fin de hacer una oferta de sentencia en conformidad con los términos de las Reglas de Procedimiento Civil sobre el particular.

**Regla 9.08. Divulgación de información relativa al procedimiento de evaluación neutral**

(a) En ausencia de estipulación o acuerdo en contrario, las partes y sus abogados(as) estarán impedidos de divulgar al tribunal o a terceras personas información alguna relativa a los procedimientos ante el evaluador o la evaluadora neutral.

(b) Cuando, concluidas las sesiones de evaluación, alguna de las partes formule una oferta de sentencia según se autoriza en la Regla 9.07(f) de este reglamento, el tribunal deberá considerar la misma al momento de imponer el pago de las costas, los gastos y los honorarios de abogados(as) en el procedimiento judicial, a tenor con las disposiciones de las Reglas de Procedimiento Civil.

**Regla 9.09. Procedimientos ante el tribunal**

(a) Salvo lo que se dispone en el inciso (b) de esta regla, la evaluación neutral no paralizará ni detendrá los procedimientos ante el tribunal. Estos procedimientos, incluso el descubrimiento de prueba y la presentación de mociones, continuarán su curso simultáneamente con los procedimientos ante el evaluador o la evaluadora neutral.

(b) Las disposiciones del inciso (a) de esta regla no limitan la facultad del tribunal para decretar la paralización de los procedimientos judiciales cuando las partes lo soliciten y el tribunal entienda que procede dicha paralización ante la probabilidad de que el caso finalice como resultado de la intervención del evaluador o de la evaluadora neutral.

## CAPÍTULO 10. VIGENCIA

### Regla 10.01. Fecha de Vigencia

Este reglamento entrará en vigor el 1 de enero de 1999.

---

Retornar al índice anterior