EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| José Meléndez Figueroa | 2005 TSPR 177 |
| | 166 DPR _____ |

Número del Caso: CP-2003-7

Fecha: 15 de noviembre de 2005

Oficina del Procurador General:
.
                        Lcda. Yvonne Casanova Pelosi
                        Procuradora General Auxiliar

                        Lcda. Minnie H. Rodríguez López
                        Procuradora General Auxiliar

 Abogado del Querellado:

                        Lcdo. Pedro Colton Fontán

Materia: Conducta Profesional
        (La suspensión será efectiva el 22 de noviembre de 2005
        fecha en que se le notificó al abogado de suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Meléndez Figueroa

CP-2003-7

PER CURIAM

San Juan, Puerto Rico, a 15 de noviembre de 2005.

El licenciado José Meléndez Figueroa fue admitido el 28 de mayo de 1976 a la práctica de la abogacía en Puerto Rico. El 16 de diciembre de 1976, fue autorizado a ejercer la notaria.

La señora Norma E. Morales Lugo contrató el 9 de enero de 1992 al licenciado José Meléndez Figueroa para los trámites relacionados con la petición de declaratoria de herederos de su fenecido esposo, señor William Muñoz Pagán, ante el Tribunal de Primera Instancia y la eventual inscripción de la Resolución correspondiente en el Registro de la Propiedad. La señora Morales expidió tres cheques a favor del querellado, por las sumas de $1,500, $950 y $75 respectivamente.

La petición de declaratoria de herederos nunca fue presentada por el querellado al Tribunal de Primera Instancia. Luego de varios años de espera, el trabajo encomendado al querellado no fue realizado. La señora Morales le solicitó al querellado que le devolviera el expediente para contratar otro abogado. Al recibir el reclamo de la devolución del expediente, el querellado optó por presentar una demanda contra la quejosa en cobro de dinero ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Alegó que la señora Morales le adeudaba $5,000 por concepto de un préstamo que él le otorgó el 7 de mayo de 1994. Presentó como evidencia, un documento alegadamente firmado por la señora Morales, del cual surge un acuse de recibo de su parte por dicha suma de dinero. Presentó además, otro documento pretendiendo demostrar la existencia de un préstamo anterior por la suma de $3,000, otorgado por él a la señora Morales. El querellado alegó que los cheques de $1,500 y el de $950 que emitiera la señora Morales a su nombre, no era para el pago de honorarios de abogado sino como pago parcial de ese préstamo de $3,000, que fue saldado en su totalidad mediante otros pagos en efectivo. El préstamo de $5,000, alegó el querellado, no había sido satisfecho por la señora Morales. Los dos (2) referidos documentos presentados por el querellado, como prueba de que la señora Morales recibió de él ambas sumas de dinero en concepto de préstamo, son copias. Alegadamente fueron firmados los originales por ella. El querellado alegó ante el Tribunal de Primera

Instancia, en su demanda de cobro de dinero, que los originales de esos documentos fueron sustraídos por la señora Morales al inspeccionar su expediente en la oficina de él cuando fue a buscarlo, con el propósito de contratar otro abogado. La señora Morales y el señor Jaime Ramírez Pons, quien la acompañó a la oficina del querellado a realizar la inspección del expediente, negaron la existencia de los referidos documentos y su sustracción. Procedieron a dejar el expediente en la oficina del querellado hasta que él estuviera presente.

La señora Morales contestó la demanda presentada por el querellado en su contra y reconvino reclamando daños y perjuicios por sufrimientos y angustias mentales causadas por el querellado. El pleito trabado fue transigido; el aquí querellado desistió de su demanda en cobro de dinero y se obligó a pagar la suma de $15,000 por concepto de los daños y perjuicios reclamados por la señora Morales en su reconvención. El querellado le hizo un pago de $3,000 a la señora Morales por tal concepto y no satisfizo el remanente. Alegó que la señora Morales le había condonado tal deuda porque lo único que ella interesaba era quitarle su título de abogado. Ella negó bajo juramento esa alegación.

La señora Morales al presentar su queja, ante nos, alegó que la conducta del querellado le causó daños económicos y emocionales innecesarios, ocultando la verdad, presentando documentos falsos y creando una acción de cobro de dinero fraudulenta.

El 13 de julio de 2002, el Procurador General presentó su informe en torno a la conducta del querellado, en virtud del cual le ordenamos la presentación de querella, la cual fue formulada el 12 de marzo de 2003. Se formularon, contra el querellado, los cargos siguientes:

## CARGO 1

El Lic. José Meléndez Figueroa violó los principios establecidos por el Criterio General que regula los deberes del abogado para con los tribunales, específicamente aquellas disposiciones que obligan a todo abogado a velar por la buena marcha del proceso judicial del país y la calidad de la justicia que en éstos se imparte.

## CARGO 2

El Lic. José Meléndez Figuroa [sic] violentó las disposiciones del Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual, entre otras cosas, obliga a todo abogado a no asumir una representación profesional cuando está consciente de que no pude rendir una labor idónea competente y que no pueda prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

## CARGO 3

El Lic. José Meléndez Figueroa violentó el Canon 25 de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual, entre otras cosas, obliga a todo abogado a evitar controversias con sus clientes con respecto a la compensación recibida por éstos.

## CARGO 4

El Lic. José Meléndez Figueroa violentó el Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 35, el cual entre otras cosas, obliga a todo abogado a que su conducta tanto ante los tribunales, para con sus representados y en las relaciones con sus compañeros sea sincera y honrada.

## CARGO 5

El Lic. José Meléndez Figueroa violentó el Canon 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 38, el cual, entre otras cosas, obliga a todo abogado a

esforzarse al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión y a evitar hasta la apariencia de conducta profesional impropia.

El 11 de abril de 2003, designamos al licenciado Eli B. Arroyo como Comisionado Especial. El 14 de mayo de 2004 concedimos la inhibición como Comisionado Especial solicitada por el licenciado Arroyo y designamos en su sustitución al licenciado José Alberto Morales. Después de evaluar los escritos de las partes y la prueba presentada, el Comisionado Especial rindió su informe, con fecha del 15 de marzo de 2005, formulando sus determinaciones de hechos al dirimir los conflictos de prueba. Examinado y evaluado dicho informe y la réplica presentada por el querellado, así como todos los documentos del expediente, atendemos y resolvemos este asunto.

I

El criterio general de los deberes del abogado para sus clientes reside en que la relación de abogado y cliente debe fundamentarse en la absoluta confianza. Sujeto a las exigencias que surgen de las obligaciones del abogado para con la sociedad, las leyes y los tribunales, todo miembro del foro legal le debe a sus clientes un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. El abogado debe poner todo su empeño en llevar a cabo en esa forma su gestión profesional y no debe dejar de cumplir con su deber por temor a perder

el favor judicial o por miedo a perder la estimación popular.[1]

El Canon 18 de Ética Profesional dispone que será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[2]

Reiteradamente, hemos expresado que todo miembro de la profesión legal tiene el deber de defender los intereses de sus clientes con un trato profesional caracterizado **por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez.**[3]

El Comisionado Especial concluyó que el querellado fue contratado para presentar una petición de declaración de herederos y llevar a cabo el trámite dirigido a la emisión

---

[1] Parte III Deberes del Abogado para con sus clientes, Artículo 18, criterio general, Cánones de Ética Profesional, 4 L.P.R.A., Ap. IX.

[2] Íd, C. 18.

[3] In re Martínez Miranda, res. 18 de septiembre de 2003, 160 D.P.R.___ (2003), 2003 J.T.S. 146, pág. 140; In re Grau Díaz, res. 1 de mayo de 2001, 154 D.P.R. ___(2001), 2001 J.T.S 70, págs. 1253-1254; In re Aguila López, res. 27 de septiembre de 2000, 152 D.P.R. ___(2000), 2000 J.T.S. 178, págs. 381-382.

por el Tribunal de Primera Instancia de la resolución correspondiente, incluyendo su inscripción en el Registro de la Propiedad. Determinó que el querellado no cumplió tal encomienda con responsabilidad y efectividad, pues la petición de declaración de herederos nunca fue presentada formalmente al Tribunal de Primera Instancia.

Concluyó, además, que la firma que aparecía en los documentos presentados por el querellado, para evidenciar que él le había otorgado unos préstamos, a la señora Morales no eran confiables.

Sostenido sobre esos documentos, el querellado presentó una demanda de cobro de dinero contra su cliente por concepto de un alegado préstamo, cuando ésta le reclamaba le devolviera los honorarios de abogado por ella pagados, por él no haber realizado la labor correspondiente. Determinó que el querellado no actuó con lealtad y honradez con su cliente. No hay duda que la conducta del querellado quebrantó la relación de fiducia que debe existir en la relación de cada abogado con su cliente.

El Canon 35 de Ética Profesional prescribe el deber de sinceridad y honradez de los abogados para con los tribunales, sus clientes y en sus relaciones con los compañeros de profesión. No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad, ni se debe inducir al juzgador a error, utilizando artificios o una falsa relación de los hechos.[4]

---

[4] 4 L.P.R.A., Ap. IX, C. 35.

Todo abogado tiene la ineludible obligación de ajustarse a la fidelidad de los hechos, tanto en su gestión profesional como en sus gestiones personales. Hemos señalado que el deber de sinceridad y honradez que impone la referida norma ética, cobija aquellas actuaciones de un abogado en las que, actuando como ciudadano común, pretende realizar actos o negocios de trascendencia jurídica. La verdad es un atributo inseparable del ser abogado y, sin la misma, no podría la profesión jurídica justificar su existencia.[5] El abogado que promueve una prueba falsa ante un tribunal, falta gravemente al deber y obligación del Canon 35, *supra,* de actuar con integridad ante los foros judiciales.[6] Dicha normativa le impone a los abogados el deber de observar una conducta no sólo en la tramitación de los pleitos, sino también en toda faceta en que se desempeñen.[7]

Hemos rechazado y condenado la participación consciente de un abogado, ya fuere como funcionario o parte, en el asesoramiento, redacción u otorgamiento de un documento simulado. Lo simulado, sinónimo de falso y fingido, en

---

[5] In re Sepúlveda Girón, res. 24 de octubre de 2001,___D.P.R.___, 2001 J.T.S. 156, pág. 385.

[6] In re Currás Ortiz, 141 D.P.R. 399 (1996).

[7] In re Belk, Serapión, 148 D.P.R. 685 (1999).

esencia es contrario a la verdad, virtud que constituye el ideal más alto al cual debemos aspirar en nuestra comunidad, que se rige al amparo del imperio de la ley.[8]

El Comisionado Especial concluyó que el querellado mintió sobre el alegado préstamo de cinco mil dólares ($5000); que falsificó o permitió que se falsificaran documentos para comprobar la existencia del mismo; que presentó una demanda de cobro de dinero contra una cliente suya basada en hechos falsos. Determinó, que ante la falsedad de las aseveraciones formuladas por el querellado en su demanda de cobro de dinero, terminó suscribiendo un contrato de transacción obligándose a compensar a su cliente, aquí quejosa, por los daños causados.

El Canon 25 de Ética profesional dispone que las controversias de los abogados con sus clientes, con respecto a la compensación por su trabajo, deben evitarse por el abogado en todo lo que sea compatible con el respeto a si mismo y con el derecho que tenga a recibir una compensación razonable por los servicios prestados.[9]

El querellado entabló una controversia con su cliente sobre la devolución de unos honorarios de abogado por no haber realizado la labor que se comprometió a realizar. Para evitar devolver los honorarios de abogados recibidos presentó una demanda de cobro de dinero contra su cliente,

---

[8] In re Del Río Rivera y Otero Fernández, 118 D.P.R. 339 (1987); In re Vélez, 103 D.P.R. 590 (1875).

[9] 4 L.P.R.A., Ap. IX, C. 25.

sostenidas las alegaciones en una evidencia documental falsa.

El Canon 38 de Ética Profesional dispone que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.[10]

La apariencia de conducta impropia puede resultar muy perniciosa al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. La apariencia de conducta impropia o conflicto de intereses puede tener un efecto tan dañino sobre la imagen, confianza y respeto al público por su gobierno, como la verdadera impropiedad ética. No obstante, la apariencia de conducta impropia tiene que sostenerse sobre la fuerte impresión que se da al público de la violación efectiva de alguno de los Cánones de Ética Profesional. Ciertamente la conducta del querellado constituye, en la realidad y en apariencia, una impropia conforme al Canon 38, *supra*. El comportamiento del querellado atentó contra la relación de fiducia idónea de toda relación abogado cliente. Perjudicó, además, el respeto y la confianza del pueblo en nuestro sistema de gobierno. El querellado no veló por la buena marcha del

---

[10] Íd., C. 38.

proceso judicial y la calidad de la justicia que se imparte en Puerto Rico.[11]

Concluimos que el querellado incurrió en conducta violatoria de las normas éticas, imputada en todos los cargos formulados por el Procurador General.

II

Por los fundamentos antes expuestos, se le impone al querellado, como sanción disciplinaria, la suspensión indefinida e inmediata de la profesión de abogado y la notaría.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

---

[11] In re Sepúlveda de Girón, *supra*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                              CP-2003-7

José Meléndez Figueroa


                          SENTENCIA


San Juan, Puerto Rico, a 15 de noviembre de 2005.


        Por los fundamentos expuestos en la Opinión
Per Curiam que antecede, la cual se hace formar
parte íntegra de la presente, se le impone al
querellado, como sanción disciplinaria, la
suspensión indefinida e inmediata de la profesión
de abogado y la notaría.

        Le imponemos a éste el deber de notificar a
todos sus clientes de su inhabilidad de seguir
representándolos e informar oportunamente de su
suspensión indefinida a los foros judiciales y
administrativos de Puerto Rico. Deberá, además,
certificarnos dentro del término de treinta (30)
días a partir de su notificación, el cumplimiento
de estos deberes, notificando también al
Procurador General.

        De no haberse incautado la totalidad de la
obra notarial del señor José Meléndez Figueroa,
el Alguacil General de este Tribunal procederá a
incautar la misma  y entregarla a la Oficina de
la Directora de Inspección de Notaría, incluyendo
su sello notarial.

Notifíquese personalmente al querellado con copia de la Opinión que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal  Supremo Interina.


                         Dimarie Alicea Lozada
                Secretaria del Tribunal Supremo Interina