PER CURIAM:
I
La Leda. María del R. Pujol Thompson fue admitida al ejercicio de la profesión legal el 26 de enero de 1999 y al ejercicio de la notaría el 2 de junio de 1999.
El 8 de diciembre de 2003, el Sr. Oscar Morales Ramírez presentó una queja ante este Tribunal contra la licenciada Pujol Thompson. En ésta expresó que la había contratado para que lo representara en un pleito judicial (Oscar Morales Ramírez v. Cond. Cristal House, Civil Núm. KDP 2000-0380), el cual fue desestimado por inactividad por el Tribunal de Primera Instancia. Señaló, además, que la licenciada Pujol Thompson no le contestaba sus llamadas telefónicas y no lo había mantenido al tanto del trámite en el tribunal.
Referimos el asunto a la atención del Procurador General. Éste, luego de la investigación de rigor, nos rindió su informe el 4 de abril de 2004. Nos informó que, en efecto, este caso había sido desestimado con perjuicio ante los reiterados incumplimientos de la licenciada Pujol Thompson. La licenciada Pujol aceptó lo sucedido, pero negó que no se comunicara con su cliente. Indicó que ella le había notificado al señor Morales Ramírez de la sentencia emitida en dicho caso, así como también de la moción de reconsideración que había presentado en éste. Indicó que orientó al señor Morales sobre lo ocurrido, pero que éste nunca la autorizó para presentar el recurso de revisión ante el foro apelativo intermedio.
El Procurador General apuntó en el informe presentando que la conducta de la licenciada Pujol Thompson *686 muy bien pudo violar el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Específicamente, indicó lo siguiente:
En el presente caso la demanda que tramitaba la licenciada Pujol a nombre del señor Morales fue desestimada por la falta de diligencia de la letrada acorde con la Sentencia emitida .... Del expediente del tribunal también surgen situaciones de clara falta de diligencia de la letrada. ... [D]e la propia Sentencia se desprende que la querellada incurrió en múltiples incumplimientos con las órdenes del tribunal de primera instancia y que a pesar de la advertencia de las consecuencias de su incumplimiento no realizó trámite alguno.
Luego de que se le concediera un término para expresarse, la licenciada Pujol Thompson compareció ante este Tribunal. En su escrito aceptó su falta de diligencia y ex-presó su profundo arrepentimiento por lo ocurrido. Nos solicitó, sin embargo, el archivo de la queja. Los fundamentos para tal petición fueron varios, a saber, que: (1) aceptó su conducta; (2) está profundamente arrepentida; (3) ha ofrecido en más de una ocasión resarcir económicamente al quejoso por los daños que hubiese podido sufrir; (4) nunca antes había sido objeto de procedimiento disciplinario alguno, por lo que lo acontecido en este caso fue un incidente aislado; (5) ella no ha recibido remuneración económica alguna por la tramitación del caso que dio origen a la queja presentada, y (6) la conducta imputada no implica depravación moral, fraude, ilegalidad, falsificación o apropiación indebida.
El 6 de mayo de 2005 le ordenamos al Procurador General presentar la querella correspondiente; así lo hizo el 9 de junio de 2005. En ésta se imputaron los dos cargos siguientes:
Primer Cargo
La Licenciada María del R. Pujol Thompson violentó los principios enunciados en el Canon 18 de los de Ética Profesional, 4 L.P.R.A. Ap. IX[J C. 18, al no ejercer el cuidado y diligencia necesarios en la protección de los derechos e intereses de su cliente, permitiendo con ello el que fuera desestimada la *687 causa de acción incoada ante el tribunal y que la misma no fuera apelada.
Segundo Cargo
La licenciada María del R. Pujol Thompson violentó los principios enunciados en el Canon 19 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 19, al no mantener informado a su cliente de la situación del caso que llevaba a su nombre; y al no orientarlo adecuadamente de las posibles consecuencias de las decisiones a ser tomadas sobre el caso; y no cerciorarse de que entendió la orientación ofrecida. Querella, pág. 2.
La licenciada Pujol contestó la querella presentada por el Procurador General y planteó sustancialmente lo mismo que había argüido en su réplica al informe del Procurador. Así las cosas, el 25 de enero de 2006 nombramos al ex juez del Tribunal de Apelaciones, Ledo. Heriberto Sepúlveda, como Comisionado Especial para que recibiera la prueba correspondiente en este caso y nos rindiera un informe con sus determinaciones de hechos y las recomendaciones que estimara procedentes.
La vista en su fondo se celebró el 5 de junio de 2006. A ésta compareció el Procurador General y la querellada por derecho propio. Luego de que la parte querellada sometiera dos comunicaciones dirigidas al quejoso ofreciéndole la cantidad de $8,000 para resarcirle por los daños sufridos, las partes sometieron el caso por el expediente.
El 9 de enero de 2007 el Comisionado Especial rindió su informe. En éste nos señaló lo previamente indicado, concluyendo que, en efecto, se había incurrido en violación a los Cánones 18 y 19 del Código de Etica Profesional. En su escrito, el Comisionado hace el señalamiento siguiente:
... considerando que la licenciada Pujol Thompson admitió los hechos imputados, que expresó su más sincero arrepentimiento por su conducta, que manifestó su disposición de resarcir al perjudicado y que se trata de su primera falta a los Cánones de Etica Profesional, recomendamos muy respetuosamente como medida disciplinaria AMONESTAR a la querellada por su proceder en el caso del señor Morales Ramírez. Informe del Comisionado Especial, pág. 4.
El caso quedó sometido ante nuestra consideración el 29 de marzo de 2007. Sometido el caso, el querellante nos re *688 mitió una copia de la carta que le refiriera a la querellada, fechada 28 de mayo de 2007, donde le indicaba a la licenciada Pujol Thompson que, a esa fecha, no había recibido la suma de dinero que ésta se comprometió a entregarle para resarcirle por los daños sufridos. Así las cosas, pasemos entonces a atender la querella ante nuestra consideración.
II
A. Los abogados, como oficiales del Tribunal, tienen una función revestida de un alto interés público que genera obligaciones y responsabilidades con sus clientes, así como con el tribunal en la administración de la Justicia. In re Meléndez La Fontaine, 166 D.P.R. 111 (2006). La abogacía cumple, desde siempre, una función social de notable importancia por su aportación a la realización de la Justicia. Los cánones del Código de Etica Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa para beneficio de la profesión, de la ciudadanía y de las instituciones de justicia del país. In re Izquierdo Stella, 154 D.P.R. 732 (2001).
En innumerables ocasiones hemos expresado que el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estime adecuada y responsable. In re Hoffman Mouriño, 170 D.P.R. 968 (2007). El abogado infringe este deber cuando asume una representación legal consciente de que no puede rendir una labor idónea competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. In re Meléndez Figueroa, 166 D.P.R. 199 (2005); In re Marini Román, *689 165 D.P.R. 801 (2005); In re Collazo I, 159 D.P.R. 141 (2003).
Todo miembro de la profesión legal tiene el deber ineludible de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. In re Meléndez La Fontaine, supra; In re Meléndez Figueroa, supra; In re Martínez Miranda, 160 D.P.R. 503 (2003); In re Alonso Santiago, 165 D.P.R. 555 (2005); In re Grau Díaz, 154 D.P.R. 70 (2001). Así también hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18. In re Hoffman Mouriño, supra; In re Guadalupe, Colón, 155 D.P.R. 135, 154-155 (2001). Y así debe ser, pues el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. In re Padilla Pérez, 135 D.P.R. 770, 776 (1994).
B. De otra parte, el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el trámite de su caso. Dicha obligación constituye un elemento imprescindible en relación fiduciaria que caracteriza el vínculo abogado-cliente. In re García Muñoz, 170 D.P.R. 780 (2007); In re Criado Vázquez, 155 D.P.R. 436, 456 (2001); In re Flores Ayffán, 150 D.P.R. 907 (2000). Hemos sostenido que dictada una sentencia en un caso que pone fin parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. In re García Muñoz, supra; Colón Prieto v. Géigel, 115 D.P.R. 232 (1984); In re Cardona Vázquez, 108 D.P.R. 6 (1978).
Como vemos, además de ser diligente en la tramitación de una causa, el abogado debe mantener informado a su representado de todas las incidencias importantes del caso. El Canon 19 del Código de Ética Profesional, supra, establece que este deber de los abogados existe al margen *690 del deber de diligencia, por lo que se configura como una obligación ética independiente. Véase In re Hernández Pérez I, 169 D.P.R. 91 (2006).
Esta obligación de mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas, comprende el deber de consultar las cuestiones que no estén dentro del ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. In re Acosta Grubb, 119 D.P.R. 595 (1987). Es por ello que hemos dispuesto que se viola el Canon 19, supra, cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso o, simplemente, se niega al cliente información del caso. Véanse: In re Acevedo Álvarez, 143 D.P.R. 293 (1995); In re Vélez Valentín, 124 D.P.R. 403 (1989); Colón Prieto v. Géigel, supra.
Pasemos entonces a aplicar la normativa reseñada a los hechos en este caso.
III
Examinada la conducta de la licenciada Pujol Thompson a la luz de las normas enunciadas y de los documentos que obran en autos, no hay duda de que su conducta en la tramitación de la reclamación del Sr. Oscar Morales Ramírez ante el Tribunal de Primera Instancia distó mucho de ser la conducta idónea y ajustada a los estándares previamente discutidos. Por su desatención al trámite judicial, el caso fue desestimado con perjuicio. Posteriormente, no le explicó a su cliente a cabalidad cuáles eran las repercusiones de no acudir en revisión de dicha determinación. Esta no tuvo tampoco la previsión de advertirle por escrito a su representado la necesidad de acudir en alzada de la desestimación del pleito, por lo que no hay constancia en el ex- *691 pediente de qué le dijo en efecto a su cliente sobre el trámite que ha de seguir.
Al analizar los hechos mencionados concluimos que, en efecto, la licenciada Pujol Thompson violó los Cánones 18 y 19 del Código de Etica Profesional, supra. Hay que indicar también que así lo aceptó ésta desde las primeras etapas del trámite de la queja. No obstante, aun cuando expresó su interés de resarcir al querellante por los daños sufridos, no lo había hecho transcurrido poco menos de año desde celebrada la vista ante el Comisionado Especial.
Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en una conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los factores siguientes: (i) la buena reputación del abogado en la comunidad; (ii) su historial; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado peijudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente, y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos. Véanse: In re Quiñones Ayala, 165 D.P.R. 138 (2005); In re Montalvo Guzmán, 164 D.P.R. 806 (2005); In re Vélez Barlucea, 152 D.P.R. 298, 310-311 (2000); In re Padilla Rodríguez, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.
Como indicamos, desde el comienzo de este procedimiento la licenciada Pujol Thompson aceptó la responsabilidad por lo ocurrido y expresó siempre su profundo pesar y arrepentimiento por lo ocurrido. La querella del señor Morales Ramírez presenta la primera ocasión en que la licenciada Pujol Thompson ha enfrentado un procedimiento de esta naturaleza. Su expediente ante este Tribunal no refleja ninguna otra instancia que haya ameritado nuestra intervención con su desempeño profesional. Cabe señalar que la querellada goza de buena reputación por espacio de *692 varios años desde que fue admitida al ejercicio de la abogacía. De otra parte, ésta nos informó que no cobró ningún honorario al querellado por la gestión profesional que llevó a cabo, así como que le ha ofrecido a éste, en más de una ocasión, el pago de una suma de dinero para resarcirlo por los daños sufridos.
No obstante lo anterior, no hay duda de que la licenciada Pujol Thompson violó los Cánones 18 y 19 del Código de Ética Profesional, supra. Sus incumplimientos reiterados en la tramitación de la causa de su cliente tuvo como resultado la desestimación del pleito con perjuicio, en detrimento de los intereses de su cliente. Además, aun cuando ésta le expresó al Comisionado Especial en la vista de este caso su interés en resarcir al querellante, casi un año más tarde no lo ha hecho.
En atención a todas las circunstancias de este caso, pro-cede que se suspenda inmediatamente a la Leda. María del R. Pujol Thompson del ejercicio de la profesión legal por el término de tres meses. Este término comenzará a transcurrir a partir de la notificación personal de esta opinión y sentencia. La licenciada Pujol deberá, además, resarcir al querellante por los daños sufridos como consecuencia de la desestimación del pleito instado a nombre de éste, conforme ella misma se comprometió. Le imponemos a la licenciada Pujol el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por los trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General. El Alguacil de este Tribunal procederá de inmediato a incautar la obra y el sello notariales de María del R. Pujol Thompson, debiendo entregarlas a la Oficina de Inspección de Notarías para el examen e informe correspondientes a este Tribunal.

*693
Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.