EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Wilfredo Zayas Nieves | 2011 TSPR 34<br><br>181 DPR \_\_\_\_ |

Número del Caso: CP-2009-6

Fecha: 9 de marzo de 2011

Abogado del querellado:

      Lcdo. Juan Piza Ramos

Oficina del Procurador General:

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar

      Lcda. María A. Hernández Martín
      Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re,

Wilfredo Zayas Nieves

CP-2009-6

*PER CURIAM*

San Juan, Puerto Rico, a 9 de marzo de 2011

El licenciado Wilfredo Zayas Nieves fue admitido al ejercicio de la profesión legal el 28 de junio de 2000. La presente controversia se relaciona con su desempeño profesional durante el trámite apelativo en el caso *Pueblo v. Eliezer Santana Báez,* KLAN-2005-0054. Pasemos a repasar los hechos de este caso.[1]

---

[1] La relación de hechos en este caso la tomamos del Informe que nos rindiera la Comisionada Especial que designamos para recibir la prueba, el cual recoge, entre otras cosas, las estipulaciones de hechos acordadas por las partes que se incluyeron en el Informe sobre conferencia preliminar entre abogados sometido ante la Comisionada Especial.

I

El licenciado Zayas Nieves compartía oficina junto al licenciado Arturo Dávila Toro y otros abogados para la fecha de los hechos que le sirven de trasfondo a este caso. El licenciado Dávila Toro fue abogado del querellante, señor Eliezer Santana Báez, en un proceso penal en el cual fue convicto y sentenciado el 13 de diciembre de 2004. El licenciado Zayas Nieves no participó en la defensa del señor Santana Báez.

Una vez recayó sentencia, la apelación se tramitó en la oficina del licenciado Dávila Toro. El quejoso le pagó al licenciado Dávila la cantidad de $3,400 para que presentara la apelación. El licenciado Zayas Nieves no recibió honorarios de parte del señor Santana para tramitar el recurso de apelación, ni mantuvo una relación abogado cliente con éste, antes de presentar la apelación.

El licenciado Zayas ayudó en la preparación del escrito y lo firmó, según éste indica, "a petición del Lcdo. Dávila Toro, sin saber que se estaba presentando el escrito un día tarde." El licenciado Zayas Báez presentó el recurso ante el Tribunal de Apelaciones y él fue el único abogado que lo firmó.

El Tribunal de Apelaciones desestimó la apelación por falta de jurisdicción, al haberse presentado fuera del término provisto para ello. Posteriormente, nos negamos a revisar el dictamen del foro apelativo intermedio.

Luego de nuestro dictamen, el señor Santana Báez, presentó una moción ante el Tribunal de Apelaciones titulada

Moción bajo la Regla 49.2 de Procedimiento Civil. El foro intermedio acogió la moción presentada como una moción bajo la Regla 192.1 de Procedimiento Criminal y devolvió el caso al Tribunal de Primera Instancia para que considerara la moción presentada. El foro primario proveyó no ha lugar a la petición del señor por Santana Báez. Éste acudió nuevamente en alzada y el tribunal apelativo intermedio, con la anuencia de la Oficina del Procurador General, le ordenó al tribunal de instancia que considerara si al convicto se le había privado de su oportunidad para apelar el fallo condenatorio por haberse presentado su recurso fuera del término provisto para ello. El Tribunal de Instancia, en esta ocasión, le nombró nuevos abogados de oficio al señor Santana Báez y luego de una vista, procedió a re-sentenciarlo por los mismos delitos que ya había sido encontrado culpable y sentenciado el 13 de diciembre de 2004. El Ministerio Fiscal no se opuso a que se re-sentenciara al señor Santana Báez.

En el ínterin, el señor Santana había presentado una queja ante este Tribunal en contra del licenciado Zayas Nieves alegando que perdió su derecho a apelar por la negligencia del abogado. Referimos la queja presentada a la Oficina del Procurador General y eventualmente le ordenamos que presentara una querella. La Procuradora General presentó la querella correspondiente en junio de 2009 y le imputó al querellado violación a los Cánones 18 y 26 del Código de Ética Profesional. 4 LPRA Ap. IX.

El querellado contestó la querella presentada. En su escrito, luego de relatar su relación con el señor Santana

Báez, nos indicó que trató de ser diligente en "los trámites de apelación, pero por un error en el cómputo de los días, fue desestimado, lo que en ese momento nos sorprendió y actualmente reconocemos y lamentamos." Posteriormente nombramos a la licenciada Crisanta González Seda Comisionada Especial para que recibiera la prueba correspondiente y emitiera un informe con sus conclusiones y recomendaciones.

El caso quedó finalmente sometido ante la Comisionada Especial por su expediente. Ésta nos rindió su Informe el 8 de noviembre de 2010. La Comisionada concluyó que se configuraron las violaciones éticas imputadas. El querellado no replicó al Informe de la Comisionada Especial, por lo que estamos en posición de resolver.

II

A

El Canon 18 recoge el deber de diligencia de todo abogado en la atención de los asuntos de sus clientes. *In re Dávila Toro*, res. 30 de agosto de 2010, 179 D.P.R. ___, 2010 TSPR 195. Este deber le impone al abogado la obligación de desempeñarse de forma capaz y diligente cuando se encuentra inmerso en un asunto que conlleva defender los intereses de su cliente. En esta tarea, debe desplegar siempre sus conocimientos y habilidades de aquella forma que la profesión jurídica en general estime adecuada y responsable. *In re Castro Colón,* res. 22 octubre de 2009, 178 DPR ___, 2010 TSPR 23. En innumerables ocasiones hemos puntualizado que el abogado incumple con este deber cuando asume una representación legal consciente de que no puede rendir una

labor idónea y competente, o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Véanse entre otros, *In re Dávila Toro, ante*; *In re Meléndez Figueroa*, 166 D.P.R. 199 (2005); *In re Collazo Maldonado,* 159 D.P.R. 141 (2003).

Es responsabilidad de los profesionales del derecho actuar con diligencia en la representación de su cliente, por lo que aceptar un encargo de éste presupone el compromiso de prestarle entera atención a sus asuntos. Y como dijimos en *In re Dávila Toro*, *ante,* esta "dedicación no puede estar subordinada al cobro de los honorarios o a cualquier otra circunstancia personal como, por ejemplo, una excesiva acumulación de trabajo." *In re Dávila Toro*, *ante,* citando A. Aparisis Millares, *Ética y Deontología para Juristas*, Ediciones Universidad de Navarra, Pamplona, 2006, pág. 302.

En *In re Hoffman Mouriño,* 170 D.P.R. 968 (2007)*,* aseveramos categóricamente que todo abogado debe llevar a cabo "[s]u gestión profesional … aplicando … sus conocimientos y habilidades y su desempeño profesional [de forma] adecuad[a], responsable, capaz y [eficaz]". 170 D.P.R. págs. 980-981. Véase además, *In re Collazo Maldonado, supra*; *In re Alonso Santiago*, 165 D.P.R. _____ (2005); *In re Grau Díaz*, 154 D.P.R. 71 (2001). Allí nos reiteramos en que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso se configura, de suyo, en violación del Canon 18. *In re Hoffman Mouriño,*

*ante.* Véase además, *In re Dávila Toro, ante; In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001).

También hemos indicado lo siguiente: "Los abogados, como oficiales del tribunal, tienen una función revestida de gran interés público que genera obligaciones y responsabilidades duales para con sus clientes y con el tribunal en la administración de la justicia. … Ello les impone el deber de asegurarse que sus actuaciones dentro de cualquier caso en que intervengan estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica." *In re Hoffman Mouriño,* 170 D.P.R. pág. 891. Es por ello que el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

El deber de diligencia constituye una obligación **básica y elemental del abogado respecto de su cliente.** *In re Dávila Toro, ante.* Es éste un deber ético destinado a preservar no sólo la lealtad al interés defendido, sino también al "crédito social que demanda la alta función que desempeña y que, como bien jurídico supremo, sustenta en última instancia la suma deontológica de la profesión." R. Del Rosal, *Normas Deontológicas de la Abogacía Española*, Civitas, Madrid, 2002, pág.183. Esta obligación ética que no sufre modificación "cuando la defensa se ejerce de oficio, … pues resulta exigible exactamente la misma diligencia que si la defensa le hubiera sido encomendada por su cliente de forma particular." (Énfasis nuestro.) *Ibid.*

B

El Canon 26 del Código de Ética Profesional establece que, de ordinario, ningún abogado tiene la obligación de representar a determinado cliente. Por lo tanto, todo abogado tiene derecho a aceptar o rechazar una representación profesional, por lo que en su gestión debe obedecer siempre a los designios de su propia conciencia y no los de su representado. En *In re León Malavé,* 172 DPR 1036 (2008), reseñamos que la profesión de abogado exige la mayor responsabilidad y, de incurrirse en actos u omisiones negligentes en el ejercicio de esta labor, no cabe un relevo de responsabilidad.

Conviene que reseñemos en algún detalle lo ocurrido en *In re Siverio Orta*, 117 D.P.R. 14, 17 (1986) por su relevancia a la controversia que hoy atendemos. En este caso, el licenciado Carlos E. Siverio Orta compareció al tribunal en un pleito civil en varias ocasiones en sustitución del licenciado Wilfredo Géigel, quien era el abogado de la parte demandante en ese pleito. Además, el licenciado Siverio firmó la demanda instada así como varias mociones.[2] El licenciado Géigel renunció a la representación legal del demandante, la cual el tribunal aceptó. El licenciado Siverio Orta nunca renunció a la representación

_____

[2] El licenciado Siverio Orta firmó, junto al licenciado Wilfredo Géigel abogado del demandante, la demanda instada, presentó una moción en la cual sometía el arancel, y compareció en otras instancias en incidentes de menor importancia, usualmente señalamientos que se suspendían. La demanda en este caso se había presentado en el Municipio de Arecibo donde el licenciado Siverio Orta tenía su oficina, mientras que la del licenciado Géigel ubicaba en Santurce.

legal en el caso. Eventualmente, la demanda se desestimó por la incomparecencia del demandante por sí o por su abogado, a pesar de que se le había apercibido que de no comparecer se desestimaría el pleito.

El demandante presentó una queja en contra de ambos abogados ante este Tribunal. El licenciado Siverio Orta adujo en su defensa que sus comparecencias al tribunal obedecían a que le unían al licenciado Géigel estrechos lazos de amistad y aprecio y deseaba ayudarle. En ese caso entre el demandante y el licenciado Siverio Orta no hubo contrato de representación legal, ni medió pago de honorarios. Véase, *In re Siverio Orta*, *ante*, pág. 17.

Al evaluar la conducta del licenciado Siverio Orta concluimos que éste había faltado al Canon 26 de Ética Profesional. Al así resolver indicamos, basándonos en el Canon 26, que "una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió. Bajo estas circunstancias la parte se convierte en su cliente ante el tribunal y frente a los Cánones de Ética…." *Íbid*. Aseveramos lo siguiente:

> Los sentimientos de amistad, aunque laudables, no pueden interferir con el deber del abogado para con la justicia y el buen funcionamiento del sistema judicial. **Una vez el abogado Siverio Orta firmó y presentó la demanda asumió ante el tribunal al responsabilidad indelegable de llevar a cabo es gestión profesional con el más alto grado de diligencia y competencia posible. Su responsabilidad como abogado para con el tribunal no dependía ni podía depender de las circunstancias**

**bajo las cuales asumió la representación profesional**.  (Énfasis nuestro.)

*In re Siverio Orta, ante*, 117 D.P.R. pág. 19.

En *Siverio Orta*, limitamos nuestra sanción a una amonestación.  Al así determinar indicamos:

> Tomando en consideración que las actuaciones del abogado Siverio Orta fueron motivadas por la equivocada creencia de que el señor Rivera Valencia no era su cliente, creencia que también compartía este señor, y que su proceder no se debió a incompetencia o desidia, lo amonestamos y advertimos que en el futuro este Tribunal no tolerará este tipo de conducta….

Con este trasfondo doctrinal pasemos a atender la controversia ante nuestra  consideración.

### III

Como reseñamos previamente, hemos resuelto que la presentación tardía de un recurso ante un foro apelativo que conlleve su desestimación se configura como una violación ética del abogado.  La explicación del abogado de que el quejoso no era su cliente y que su intervención se limitó a ayudar en la preparación del recurso, no es del todo correcto, como tampoco lo exime de responsabilidad.  Como se indicó, el licenciado Zayas Nieves firmó la apelación y la presentó ante el Tribunal de Apelaciones, siendo él el único abogado que firmó el escrito.  Al presentar el recurso bajo su firma ante el foro apelativo intermedio, el abogado debió saber que con ese acto el señor Santana Báez se convertía en su cliente, por lo que no puede eludir las resultas de una gestión legal deficiente.  Ése fue precisamente nuestro razonamiento en *Siverio Orta, ante*, y por lo cual amonestamos al abogado en ese caso.

Con lo cual, aun cuando el licenciado Zayas Báez no hubiese acordado explícitamente con el quejoso que le representaría en la etapa apelativa de su caso, una vez firmó el escrito de apelación éste en efecto se convirtió en su cliente y desde ese momento debía descargar responsable y diligentemente su gestión profesional. Parafraseando nuestras expresiones en *In re Siverio* Orta, una vez el licenciado Zayas Nieves firmó la apelación asumió ante el foro apelativo intermedio la responsabilidad indelegable de llevar a cabo su gestión profesional con diligencia y competencia. Claramente ello no ocurrió pues la apelación se presentó tardíamente y el caso fue desestimado. Ello nos lleva a concluir, al igual que a la Comisionada Especial, que el querellado incurrió en las faltas éticas que se le imputan. Solo nos resta determinar la sanción a imponer.

Al determinar la sanción disciplinaria que procede imponer cuando un abogado que ha incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, hemos tomado en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Vélez Barlucea*, 152 D.P.R. 298, 310-11 (2000); *In re Padilla Rodríguez*, 145

D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.

El licenciado Zayas lleva 10 años ejerciendo la profesión de abogado y de notario. No consta en su expediente ni quejas ni querellas por su gestión profesional. En su contestación a la querella, aceptó su responsabilidad y lamentó que su conducta hubiera provocado la desestimación de la apelación. Por otro lado, no hay evidencia de que éste hubiera recibido honorarios por su gestión en el caso del quejoso.

De otra parte, el quejoso logró ser re-sentenciado con la anuencia del Ministerio Público el pasado mes de agosto, luego de que el foro de instancia determinara que no tuvo una representación legal apropiada en el proceso apelativo que dio base a esta querella. Ello le brindó al señor Santana Báez una segunda oportunidad de plantear sus argumentos en apelación, lo que ya hizo el 15 de septiembre de 2010.

Al sopesar todo lo anterior, censuramos al licenciado Wilfredo Zayas Nieves por su conducta. Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re,

Wilfredo Zayas Nieves

CP-2009-6

SENTENCIA

San Juan, Puerto Rico, a 9 de marzo de 2011

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia censurando al licenciado Wilfredo Zayas Nieves por su conducta. Le advertimos que en el futuro deberá ser mas cuidadoso con el trabajo que desempeña.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re,

                              CP-2009-6

Wilfredo Zayas Nieves

RESOLUCIÓN
*NUNC PRO TUNC*

San Juan, Puerto Rico, a 30 de marzo de 2011

Se enmienda ***nunc pro tunc*** la Opinión *Per Curi*am emitida el 9 de marzo de 2011 a los fines de corregir los apellidos del quejoso en la página 2, tercer párrafo, línea 4 y en la página 10 primer párrafo, primera línea para que lea como sigue: licenciado Zayas Nieves.

Se acompañan las páginas con las correcciones correspondientes para que sean notificadas nuevamente conjuntamente con la presente. El original de las páginas sustituidas deberá permanecer en el expediente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

I

El licenciado Zayas Nieves compartía oficina junto al licenciado Arturo Dávila Toro y otros abogados para la fecha de los hechos que le sirven de trasfondo a este caso. El licenciado Dávila Toro fue abogado del querellante, señor Eliezer Santana Báez, en un proceso penal en el cual fue convicto y sentenciado el 13 de diciembre de 2004. El licenciado Zayas Nieves no participó en la defensa del señor Santana Báez.

Una vez recayó sentencia, la apelación se tramitó en la oficina del licenciado Dávila Toro. El quejoso le pagó al licenciado Dávila la cantidad de $3,400 para que presentara la apelación. El licenciado Zayas Nieves no recibió honorarios de parte del señor Santana para tramitar el recurso de apelación, ni mantuvo una relación abogado cliente con éste, antes de presentar la apelación.

El licenciado Zayas ayudó en la preparación del escrito y lo firmó, según éste indica, "a petición del Lcdo. Dávila Toro, sin saber que se estaba presentando el escrito un día tarde." El licenciado Zayas Nieves presentó el recurso ante el Tribunal de Apelaciones y él fue el único abogado que lo firmó.

El Tribunal de Apelaciones desestimó la apelación por falta de jurisdicción, al haberse presentado fuera del término provisto para ello. Posteriormente, nos negamos a revisar el dictamen del foro apelativo intermedio.

Luego de nuestro dictamen, el señor Santana Báez, presentó una moción ante el Tribunal de Apelaciones titulada

Con lo cual, aun cuando el licenciado Zayas Nieves no hubiese acordado explícitamente con el quejoso que le representaría en la etapa apelativa de su caso, una vez firmó el escrito de apelación éste en efecto se convirtió en su cliente y desde ese momento debía descargar responsable y diligentemente su gestión profesional. Parafraseando nuestras expresiones en *In re Siverio* Orta, una vez el licenciado Zayas Nieves firmó la apelación asumió ante el foro apelativo intermedio la responsabilidad indelegable de llevar a cabo su gestión profesional con diligencia y competencia. Claramente ello no ocurrió pues la apelación se presentó tardíamente y el caso fue desestimado. Ello nos lleva a concluir, al igual que a la Comisionada Especial, que el querellado incurrió en las faltas éticas que se le imputan. Solo nos resta determinar la sanción a imponer.

Al determinar la sanción disciplinaria que procede imponer cuando un abogado que ha incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, hemos tomado en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Vélez Barlucea*, 152