Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARTA PASTRANA ORTIZ, ZUJEIRY ROSA PASTRANA, PATRICK PÉREZ TRINIDAD Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarias<br><br>V.<br><br>SUPERMERCADO LA FAVORITA, INC., UNIVERSAL INSURANCE COMPANY Y AURELIO MÁRQUEZ<br><br>Recurridos | KLCE202401314 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV01065<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de enero de 2025.

Comparecen Marta Pastrana Ortiz y Zujeiry Rosa Pastrana (en adelante, las peticionarias) y solicitan que revisemos una *Orden* emitida el 21 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). Mediante dicho dictamen, el foro primario denegó una *Moción en Solicitud de Autorización para Enmendar Demanda* presentada por las peticionarias el 17 de octubre de 2024.

Tras evaluar el expediente ante nuestra consideración, adelantamos que *expedimos* el auto de *certiorari* y revocamos el proceder del foro primario. Explicamos.

Número Identificador
SEN2025_____

## -I-

El caso ante nuestra consideración tiene su génesis el 23 de julio de 2024 con la presentación de una *Demanda* por los alegados daños y perjuicios que sufrió la señora Pastrana Ortiz a consecuencia de una caída en el Supermercado La Favorita, Inc.[1] En respuesta, el 28 de agosto de 2024, Supermercado La Favorita y Universal Insurance Company presentaron su contestación a la demanda.[2]

Por su parte, el 3 de septiembre de 2024, el señor Aurelio Márquez Mediavilla (señor Márquez o recurrido) presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil.*[3]

Sin embargo, las peticionarias se opusieron mediante *Moción en Oposición a Moción de Desestimación de la Parte Demandada Aurelio Márquez Mediavilla* del 19 de septiembre de 2024. Allí, incluyeron una solicitud para enmendar la demanda y la demanda propuesta.[4] Ese mismo día, el TPI declaró No Ha Lugar la moción de desestimación presentada por el recurrido.[5]

Inconforme, el 23 de septiembre de 2024, el recurrido presentó una *Moción de Reconsideración.*[6] Las peticionarias se opusieron mediante *Moción en Oposición a Moción de Reconsideración de la Parte Demandada a Aurelio Márquez Mediavilla,* el 2 de octubre de 2024.[7] Así las cosas, el 7 de octubre de 2024, el foro primario declaró No Ha Lugar la moción de reconsideración.[8]

El 9 de octubre de 2024, se celebró la conferencia inicial mediante videoconferencia.[9] Celebrada la vista, el 17 de octubre de 2024, las peticionarias presentaron su *Moción en Solicitud de*

---

[1] Apéndice I del *Certiorari*, págs. 1-6.
[2] Entrada Núm. 9 en el expediente digital del caso HU2024CV01065 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Apéndice II del *Certiorari*, págs. 7-15.
[4] Apéndice III del *Certiorari*, págs. 16-36.
[5] Entrada Núm. 16 en el expediente digital del caso HU2024CV01065 en SUMAC.
[6] Apéndice IV del *Certiorari*, págs. 37-55.
[7] Apéndice V del *Certiorari*, págs. 56-62.
[8] Entrada Núm. 23 en el expediente digital del caso HU2024CV01065 en SUMAC.
[9] Apéndice VI del *Certiorari*, págs. 63-65.

*Autorización para Enmendar Demanda.* La demanda enmendada propuesta tenía una causa de acción adicional principal, que afectaba exclusivamente al recurrido, y dos alternativas, una que afectaba exclusivamente al recurrido y una que afectaba también al codemandado Supermercado La Favorita.[10]

Posteriormente, el 21 de octubre de 2024, el recurrido presentó su *Contestación a Demanda.*[11] En la misma fecha, el TPI declaró No Ha Lugar la solicitud de enmienda.[12]

El 1 de noviembre de 2024, las peticionarias presentaron una *Moción de Reconsideración.*[13] El 4 de noviembre de 2024, el recurrido presentó una *Moción en Oposición a Moción de Reconsideración.*[14] Sometido el asunto ante su consideración, el 5 de noviembre de 2024, el TPI declaró No Ha Lugar la moción de reconsideración.[15]

Insatisfecho aún, el 5 de diciembre de 2024, las peticionarias acudieron ante nosotros mediante el recurso de *Certiorari* e imputaron la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción al no permitir la añadidura de una tercera y cuarta causas de acción en una demanda enmendada contra una parte que no había presentado su alegación responsiva, conforme a las Reglas de Procedimiento Civil y su jurisprudencia interpretativa.

Tras varios trámites procesales, el 20 de diciembre de 2024, el recurrido presentó una *Moción en Oposición a Expedición de Certiorari.*

-II-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos*

---

[10] Apéndice VII del *Certiorari*, págs. 66-77.
[11] Apéndice VIII del *Certiorari*, págs. 78-88.
[12] Apéndice IX del *Certiorari*, pág. 89.
[13] Apéndice X del *Certiorari*, págs. 90-93.
[14] Apéndice XI del *Certiorari*, págs. 94-99.
[15] Apéndice XII del *Certiorari*, pág. 100.

*Dorados et al.,* 212 DPR 194, 207 (2023); *McNeil McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020), *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). Cabe precisar que el *certiorari* es el recurso de revisión disponible para revisar determinaciones post-sentencia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V R. 13.1,

establece el trámite procesal para enmendar las alegaciones. En este sentido, la aludida Regla dispone lo que sigue a continuación:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

Cónsono con esta disposición, una vez que las partes han intercambiado alegaciones, solamente podrán enmendarlas con el consentimiento escrito de la parte contraria o con el permiso del tribunal. **Ahora bien, la propia regla dispone que en los casos adecuados, entiéndase, cuando la justicia o requiera, la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente**.

No obstante, a pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal para autorizar enmiendas a las alegaciones, esta liberalidad no es infinita. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, citando a *S.L.G. Font Bardón v. Mini Warehouse*, 179 DPR 322 (2010); *Romero v. S.L.G. Reyes*, 164 DPR 72 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793 (1976). El ámbito de discreción de los tribunales queda sujeto al análisis dinámico y en conjunto, de cuatro (4) criterios establecidos por el Tribunal Supremo de Puerto Rico: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *Colón*

*Rivera v. Wyeth Pharm.*, *supra,* citando a *S.L.G. Sierra v. Rodríguez,* supra, a la pág. 748; véase, además, *SLG Font Bardón v. Mini-Warehouse, supra.*

**-III-**

Las peticionarias sostienen que incidió el TPI al no permitir la enmienda a la demanda contra una parte que no había presentado su alegación responsiva, conforme a las Reglas de Procedimiento Civil y su jurisprudencia interpretativa. Les asiste la razón.

Las Reglas de Procedimiento Civil permiten a las partes enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. En el caso ante nuestra consideración, el recurrido no había presentado aún su alegación responsiva. Al momento de la solicitud de las peticionarias, el recurrido solo había solicitado la desestimación, conforme lo permite nuestras Reglas de Procedimiento Civil. Según es sabido, una moción de desestimación no constituye una alegación en nuestro ordenamiento. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043 (2020).

Según esbozado, la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente. Lo cierto es que Supermercado La Favorita ya había presentado su contestación a la demanda, por lo que las peticionarias solicitaron el permiso del Tribunal para enmendar la demanda. El foro primario debió haber hecho un análisis dinámico y conjunto de los criterios establecidos por el Tribunal Supremo de Puerto Rico.

La demanda enmendada propuesta tenía una causa de acción adicional principal, que afectaba exclusivamente al recurrido, y dos alternativas, una que afectaba exclusivamente al recurrido y una que afectaba también a Supermercado La Favorita. Aquí, la solicitud de enmienda se presentó a tan solo ocho (8) días de la celebración de la Conferencia Inicial y mucho antes de las fechas pautadas para la toma de deposiciones, acordadas para febrero de 2025 y dentro del

término concedido por el propio Tribunal en la referida Conferencia para que se presentara la solicitud de autorización de enmienda. Consideramos que, en atención a las circunstancias aquí presentes, el Foro Primario debió haber aceptado la demanda enmendada, con la liberalidad que el ordenamiento le exige. Así las cosas, en este caso la expedición del auto de *certiotari* solicitado evita un fracaso de la justicia.

**-IV-**

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari* y *revocamos* la determinación del TPI. Se ordena la continuación de los procedimientos de forma consistente con lo dispuesto en la presente Sentencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones